IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD FLEMING,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    Civil Action No. 02-164 Erie
                                   )
SUPERINTENDENT, WOLFE, et al.,     )
                                   )
                Defendants.        )

## DEFENDANTS' ANSWER TO COMPLAINT

AND NOW, comes the trial defendants, Weaver, Davison, Tiller, Sullivan, Maldonado, Robinson, Wittel, Allen and Kreider, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and by way of answer to the pertinent allegations of the complaint as ultimately compiled and taken final form in this action submits the following:

## FIRST DEFENSE

Defendants' respond to plaintiff's factual allegations as follows:

1.      It is admitted that this is an action under 42 U.S.C. § 1983 and the Prison Litigation Reform Act attacking prison conditions.

2.      It is categorically denied that on May 14, 2002, Sgt. Tiller tried to trip Fleming while in the process of escorting him with his hands cuffed behind from his prison cell

in the RHU at SCI-Albion, where he was incarcerated, to the prison library, or that he kicked him in his right ankle. A commissioned officer who was observing the scene, Lt. Eddy, reported that Fleming stumbled, most probably on purpose, and falsely accused Tiller of tripping him and Eddy upbraided him for his antics. The contemporaneously made videotape of the events does not depict or substantiate Fleming's account of what happened in this respect.

      3.    It is denied that Corrections Officer Sullivan, the videographer, assaulted or failed to thwart an assault on Fleming by Tiller in the form of an attempt to trip him that resulted in a violent, injurious kick to Fleming's ankle.

      4.    It is also denied on the basis of a roughly contemporaneous medical exam on May 14, 2002 of Fleming (due to his complaint of injury) by a prison nurse, Don Klos, R.N., that his ankle had been injured as had been described by him. He had no sign or symptoms of such injury to his ankle according to Klos.

      5.    An investigator for the prison concluded Fleming lied about this.

      6.    It is categorically denied that Sgt. Tiller deliberately slammed a "wicker" (i.e., a slot cover in a cell door) on his right wrist during the process of uncuffing Fleming at the library, later on the same day.

      7.    Once again on the basis of the same nurse's examination whose occurrence was previously described, it is denied that Fleming's right wrist showed signs of injury on May 14, 2002.

      8.    Fleming was found guilty of misconduct in lying about the foregoing mattes and that sanction was not reversed on administrative review by the Department of Corrections.

9.    It is categorically denied that Corrections Officer Davison intentionally and forcibly banged Fleming's elbow in closing the yard gate after him at SCI-Albion on August 23, 2002.  An investigation conducted by Lt. Robinson that also involved looking at a contemporaneous videotape showed Fleming had actually assaulted Davison by turning around and kicking the yard gate closed when Davison was in the process of shutting it and which resulted in Robinson charging Fleming with a prison misconduct for lying about the foregoing matter.

10.    Defendants Weaver, Davison, Maldonado and Robinson categorically deny that they filed any misconduct against Fleming at SCI-Albion in retaliation for him having filed this complaint.  In each instance, a legitimate penological purpose existed for their actions in the grounds for each of the misconducts, none of which was Fleming ever successful in getting reversed on procedures for administrative review by the department's authorities.

11.    Defendants Sgt. Kreider, C.O. Wittel and C.O. Allen at SCI-Camp Hill say the same thing as the Albion officers equally unequivocally, with respect to the specific misconduct written against Fleming as SCI-Camp Hill on August 11, 2003, insofar as Fleming claims it was in retaliation for him having previously executed an affidavit for another prison litigant, Tyrone Colbert.  That is, Fleming's allegation that this was a retaliatory misconduct also is denied.

## **SECOND DEFENSE**

Defendants are entitled to qualified immunity.

## THIRD DEFENSE

Plaintiff fails to state a claim for which relief can be granted under the controlling law, even accepting the allegations as true for the sake of the pertinent analysis.

## FOURTH DEFENSE

Plaintiff's injuries are the result of his own actions or were legally caused thereby.

## FIFTH DEFENSE

Plaintiff did not suffer any actual physical injury as required by law so as to entitle him to any compensatory damages for pain and suffering and emotional harm and injury under the controlling law.

## SIXTH DEFENSE

Plaintiff's allegations do not present grounds for an instruction on punitive damages.

## SEVENTH DEFENSE

Plaintiff failed to exhaust administrative remedies for his claims under the Prison Litigation Reform Act and/or has procedurally defaulted some or all of them accordingly.

## EIGHTH DEFENSE

Defendants did not violate any of plaintiff's rights under the U.S. Constitution.

WHEREFORE, the entry of judgment in defendants' favor is earnestly and respectfully requested.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:     s/Kemal Alexander Mericli
        Kemal Alexander Mericli
        Senior Deputy Attorney General
        Attorney I.D. No. 27703

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  October 6, 2005

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the within Defendants' Answer to

Complaint was served upon the following via first-class mail on October 6, 2005.


Ronald Fleming
350 Bessemer Road
Steelton, PA   17113




                                        <u>s/Kemal Alexander Mericli</u>
                                        Kemal Alexander Mericli
                                        Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 6, 2005