IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD FLEMING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, WOLFE, et al., )<br>)<br>Defendants. ) | Civil Action No. 02-164 Erie |

## BRIEF IN SUPPORT OF MOTION FOR BENCH TRIAL

It is unclear whether or not it is too late for Fleming to ask for a jury trial now under the circumstances, since defendants are only now filing an answer and they are not required to do so in this kind of action under the provisions of the PLRA since this Court has not entered a qualified order under its provisions. 42 U.S.C. § 1997e(g)(1) and (2). However, it would seem that a sufficient time has elapsed since this Court first indicated that this case was to go to trial at the telephone status conference of August 31, 2005 at which it denied defendants' motion for summary judgment without prejudice and the current date has been set by written order since September 26. Under the circumstances, Fleming simply has not made a timely jury trial demand.

The standard for granting an untimely demand is abuse of discretion under F.R.C.P. 39(b). This Honorable Court would not abuse its discretion here by overlooking Fleming's failure to demand a jury trial. Meeco Manufacturing Co., Inc. v. Imperial

Manufacturing Group, 2005 WL 149685 at 3 (D.Wash.) (collecting cases showing that the Ninth Circuit "severely constrained" a court's discretion under the rule to excuse plaintiff's failure to make a demand due to oversight or inadvertence, granting relief only in exceptional circumstances such as where a plaintiff made a demand in an obscure manner or failed to properly serve it or he did not have a full opportunity to make a timely demand because his lawyer at the time was not representing his interests and stating the law would not permit a jury trial even where a pro se plaintiff was unaware of the need to ask for one); Merritt v. Faulkner, 697 F.2d 761 (7th Cir. 1983) (denying an untimely demand by a blind pro se plaintiff).  In Millimaci v. Horn, C.A. No. 950280 Erie, Senior District Judge Cohill strictly enforced the failure to make a timely jury trial demand on defendants' motion against a paraplegic Albion inmate (also representing himself) who had it seems previously relied as sufficient on the jury trial demand of a medical defendant in that case who had settled by time of trial.

WHEREFORE, it is respectfully submitted that this case should be a bench trial.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:   s/Kemal Alexander Mericli
      Kemal Alexander Mericli
      Senior Deputy Attorney General
      Attorney I.D. No. 27703

      Susan J. Forney
      Chief Deputy Attorney General
      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219
Date:  October 6, 2005

2

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Brief In Support of Motion for Bench Trial was served upon the following via first-class mail on October 6, 2005.

Ronald Fleming
350 Bessemer Road
Steelton, PA   17113

                s/Kemal Alexander Mericli
                Kemal Alexander Mericli
                Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 6, 2005