IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD FLEMING,                        )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )    Civil Action No.  02-164 Erie
                                       )
SUPERINTENDENT, WOLFE, et al.,         )
                                       )
                    Defendants.        )


**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

   Corrections Defendants, by their undersigned attorneys,  Thomas W. Corbett, Jr.,

Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney,

Chief Deputy Attorney General, Chief Litigation Section, request respectfully this Honorable

Court to instruct the jury in accordance with the attached points.

        Respectfully submitted,

        **THOMAS W. CORBETT, JR.**
        **Attorney General**


    By:  s/Kemal Alexander Mericli
       Kemal Alexander Mericli
       Senior Deputy Attorney General
       Attorney I.D. No. 27703

       Susan J. Forney
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  October 12, 2005

1.     In deciding the issues of fact submitted to you, it is your duty, ladies and gentlemen, to follow these instructions.  In doing so, you must take into consideration all of the instructions I give you and not pick out any particular instructions and disregard another one. Your duty is to determine the facts and to determine the facts from the evidence that has been produced in open court.  You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED**    _____

2.      Similarly, this case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  The law is no respecter of persons.  All persons stand equal before the law and are to be dealt with as equal in a Court of Justice.


**ACCEPTED** _____

**DENIED**      _____

**MODIFIED**   _____

3.      A law enforcement officer who takes the witness stand subjects his testimony to the same examination and tests that any other witness does and you should not believe -- nor disbelieve -- a witness merely because he is a corrections officer.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as you would the testimony of any other witness.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

4.      Simply because the plaintiff has filed a complaint, alleging that his constitutional rights were violated, does not establish any liability on the part of the defendants, nor can the filing of the complaint be considered as evidence against the defendant.

Cf. <u>Taylor v. Cmwlth of Kentucky</u>, 436 U.S. 478 (1978) (indictment is not evidence of guilt).

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED** _____

5.       There are defendants in this action.  It does not necessarily follow that, if one is liable, then the other are also liable.  Each defendant is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should even become a fact, that you find against one of the defendants.

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED**  _____

6.    When -- as in this case -- more than one claim is involved, you should consider each claim and the evidence pertaining to it separately, as you would had each claim been tried before you separately.


**ACCEPTED** _____

**DENIED**      _____

**MODIFIED** _____

7.      The first matter of law about which I will instruct you is the applicable burden of proof.  The burden of proof is a concept which you must understand to give this case proper consideration, because a verdict cannot be based on speculation, guess or conjecture.  In a civil case such as this one, the party asserting the claim or an affirmative, has the burden of proof of establishing the facts he or she presents or advocates by a preponderance of the evidence.

**ACCEPTED**  _____

**DENIED**         _____

**MODIFIED**   _____

8.     The preponderance of the evidence means that evidence which has more convincing force when it is weighed against the evidence opposed to it.  So that the fact sought to be proved is more likely so than not so.  If we visualize evidence as something weighed in an ordinary balance scale and if admitted in support of a claim made by the party who has the burden of proof is sufficiently weighty is probative value in relation to the evidence offered in opposition to it, that it tips the scales on the side of that party, then that party has proved the claim by the preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party who has the burden of proof by a preponderance outweighs or equally balances the evidence produced in support of the claim, then it can be said there has been a failure to carry the burden of proof imposed by law.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**    _____

9.     You are sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

In deciding whether to believe a witness, you may specifically note any evidence of hostility or affection which the witness may have toward one of the parties.  Likewise, you may consider evidence of any other interest or motive that the witness may have.

**ACCEPTED**  _____

**DENIED**       _____

**MODIFIED**   _____

10.    To prevail in this lawsuit, Mr. Fleming must sustain his burden of proving the allegations that his constitutional rights of his were violated.  Plaintiff must satisfy you by a fair preponderance of the evidence, i.e., plaintiff must prove that his claims are more probably true than not.   Plaintiff in examining the evidence to determine whether the plaintiff has successfully carried his burden, you should not permit sympathy for either side to influence your judgment.  If you hesitate or are doubtful as to whether your verdict should be in favor of plaintiff, then the plaintiff has failed to satisfy you by a fair preponderance and you must find in favor of the defendants.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find from a preponderance of all the evidence, both direct and circumstantial.

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

11.     In deciding whether to believe a witness, you may specifically note any evidence of hostility or affection which the witness may have toward one of the parties. Likewise, you may consider evidence of any other interest or motive that the witness may have.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**    _____

12.    You may find inconsistencies in the testimony. Even actual contradiction in the testimony of witnesses does not mean any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witness appear to be inconsistent, you, the jury, should try to reconcile the conflicting statements whether of the same or different witnesses and you should do so if can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, contradictory testimony you will believe.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**  _____

13.     A witness may be discredited or impeached by contradictory evidence, by showing he testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something or failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

14.     If you decide a witness has deliberately falsified his testimony on a significant point, you should take this consideration in deciding whether or not you believe the rest of this testimony; and may refuse to believe the rest of the testimony, but you are not required to do so.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**   _____

15.     In determining any fact in issue you may consider the testimony of all the witnesses, regardless of who may call them, and all the exhibits received in evidence, regardless of whom may have produced them.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

16.     The plaintiff's claims are brought pursuant to Section 1983 of the Civil Rights Act.  You are instructed that the federal civil rights statute under which the plaintiff sues, 42 United States Code Section 1983, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim, therefore, the plaintiff must prove by a preponderance of the evidence of the following facts:

First, that each defendant intentionally committed acts which violated one or more of Mr. Fleming's federal constitutional rights.

Second, that in so doing, each defendant acted under color of the authority of the Commonwealth of Pennsylvania.

And third, that the acts of each defendant were the proximate or legal cause of damages sustained by the plaintiff.

Now, in this case, the parties do not dispute that each acted under color of state law and you should, therefore, accept that fact as proven. Thus, plaintiff must establish only the first and third elements listed above as to each of this claims.

Baker v. McCollan, 479 U.S. 137 (1979).

**ACCEPTED**  _____

**DENIED**        _____

**MODIFIED**    _____

17.     To be held liable for violating any civil rights, each defendant must have been personally involved in wrongful conduct.

Rode v. Dellarciprete, 845 F.2d 1195 (1988).

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

18.    "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers ... violates the Constitution."

Graham v. Connor, 490 U.S. 386, 396-397 (1989) citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED**    _____

19.     Even if you find that a reasonably prudent officer would not have used the amount of force used by any one of the defendants, you must make an additional inquiry: whether it was objectively reasonable for him to have believed that the amount of force he used was lawful and necessary under the circumstances.  Oliveira v. Mayer, 23 F.3d 642, 649 (2d Cir. 1994), cert. denied 115 S. Ct. 721 (1995).

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

20.     If you find that any of the defendants violated plaintiff's constitutional rights, in order to recover against any defendant who has violated his rights, plaintiff must also prove by a preponderance of the credible evidence that the defendants conduct was a proximate cause or substantial factor in bringing about harm to him.  A substantial factor is what the law recognizes as legal cause.  A substantial factor is an actual, real factor, although the result may be unusual or unexpected but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the alleged wrongful acts.  If you find that the actions of any of the defendants in this case had only a remote or tenuous connection to the ultimate injury of Mr. Fleming you may not find him liable for that injury.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**    _____

21.     It is inevitable that corrections officers will in some cases reasonably but mistakenly conclude that a particular use of force is necessary.  Malley v. Briggs, 475 U.S. 335, 344-45 (1986).  Thus even if the Eighth Amendment has been violated, law enforcement officials are entitled to make reasonable mistakes.  Corrections officers whose judgments are objectively legally reasonable cannot be held personally liable.  Anderson v. Creighton, 483 U.S. 635, 644 (1987).

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

22.     Even if you find that the defendant violated plaintiff's constitutional rights, and the plaintiff suffered damages proximately caused by any such violations, the defendant would be still entitled a verdict in their favor if you find qualified immunity.

The defendant has raised the affirmative defense of qualified immunity. Because it is an affirmative defense, the defendant has the burden of proof as to that defense and that burden is by the preponderance of the evidence. Qualified immunity prevents the defendant from being held liable for violations of constitutional rights where a reasonable person could have believed that the actions caused the constitutional violations were lawful in light of existing law. In other words, even though there may be, in fact, a constitutional violation, a defendant is entitled to a qualified immunity unless you find that a reasonably competent corrections officer if placed in the same position as he was, would reach the same conclusion as he did. Because corrections officers are regularly forced to make critical decisions under extreme time pressures, decisions which may seem much easier after the fact have the time for reflections has been afforded, unfolded reasonable judgments which turn out to be mistaken are nonetheless entitled to protection. In short, even if a defendant's conduct is found to violate plaintiff's constitutional rights, a defendant is not liable if they acted solely from the mistake in judgment, and not knowingly with the intention of violating the plaintiff's constitutional rights. Unless a reasonable corrections officer in the position of one of the defendants, would have known that his action constituted an unreasonable use of force, he cannot be held liable because of qualified immunity.

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

23.     Qualified immunity is available in the Eighth Amendment excessive force context where a reasonable person in the defendant's position could have believed the force used was necessary.  Unless you find that a reasonable corrections officer in the position of during the incident would have necessarily known that the amount of force that he used to restrain Mr. Fleming was excessive and unlawful, such a defendant is entitled to qualified immunity.

In Re: City of Philadelphia (MOVE) Litigation, 49 F.3d 945 (d Cir. 1995); Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1561 (11th Cir. 1993).

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

24.    "A (corrections) officer should prevail an assertion of qualified immunity if a reasonable officer possessing the same information could have believed that his conduct was lawful."

Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991).

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**    _____

25.    A corrections officer enjoys qualified immunity if a reasonable officer, under the circumstances as they existed, could have believed that his actions were lawful. Anderson v. Creighton, 483 U.S. 635 (1987). Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

Malley v. Briggs, 483 U.S. 635 (1987).

**ACCEPTED**  _____

**DENIED**       _____

**MODIFIED**  _____

26.     If the defendants had an objectively reasonable, though mistaken, belief that the force they used was lawful and necessary to maintain or restore discipline, then their objectively reasonable belief would constitute a defense to the plaintiff's claim of unlawful use of force.

Anderson v. Creighton, 483 U.S. 635, 641 (1987).

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

27.    If, after considering the scope of discretion and responsibility generally given to corrections officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the incident, you find from a preponderance of the evidence that plaintiff has proved either (1) that a defendant was plainly incompetent or that (2) he knowingly violated the law regarding Mr. Fleming constitutional rights, you must find for the plaintiff.  If, however, you find that a defendant had a reasonable belief that his actions did not violated the constitutional rights of Mr. Fleming, then you cannot find him liable even if Fleming's rights were in fact violated as a result of defendants' objectively reasonable action.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**   _____

28.     In considering the issues of plaintiff's damages, you were instructed you should assess the amount you find justified by a preponderance of the evidence in full, just and reasonable compensation for all of the plaintiff's damage, no more and no less.  Of course, the fact that I have given you instruction concerning the issue of plaintiff's damages should not be interpreted that I believe the plaintiff should or should not prevail in this case.  What I believe or what you may think I believe must not influence your decision in any way.

Simply because you are charged with respect to the damages, which are theoretically recoverable in any lawsuit, it does not imply that plaintiff is entitled to any damages or that you should find in plaintiff's favor with respect to the liability of the defendants.  If you find in your deliberations that none of the defendants is liable to the plaintiff, then you need not even consider the question of damages.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

29.    The purpose of money damages for deprivation of civil rights is to compensate a person for injuries caused by the deprivation.  The amount of compensatory damages that may be awarded to plaintiff must be limited solely to the injury sustained as a direct result of each the defendants' actions and not for any injury or condition that plaintiff suffered from prior or subsequent to his encounter with each of the defendants or from his own actions.

Carey v. Piphus, 435 U.S. 248 (1978); F.J.P.I. § 103.13.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

30.     You may not find any defendant liable for any injuries to Mr. Fleming unless you find that his own independent actions were a substantial factor in causing such injury. In the event that you do find by a preponderance of the evidence that his own independent actions caused specific injury to Mr. Fleming, each defendant is only liable for that specific injury and not for any other injuries that were cause by or resulted from the actions of another person.

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

31.  In a civil rights case such as the present one, you cannot award damages measured by your perception of the abstract importance or value of a constitutional right.  To be awarded damages, plaintiff must prove a need for compensation by showing actual injury.

Memphis Community School District v. Stachura, 477 U.S. 299, 309-10 (1986); F.J.P.I. § 103.13.


**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

32.     You should keep in mind that in the event that you find plaintiff is entitled to damages, such damages will not be subject to income tax.

Norfolk v. W. Rwy. v. Liepelt, 444 U.S. 490 (1980).

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED**  _____

33.     In addition to actual damages, the law permits a jury, under certain circumstances, to award punitive or exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example and warning to other not to engage in such conduct.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**   _____

34.     If you find from a preponderance of the evidence in the case that the plaintiff is entitled to the verdict for actual and/or compensatory damages, and you further find that the act or omission of the defendant which proximately caused injury or damage to the plaintiff was maliciously or wantonly or oppressively done, then you may add to the award such amount as you unanimously agree to be proper as punitive and exemplary.

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**   _____

35.     An act or failure to act is maliciously, done if prompted or considered by ill will, spite or grudge, either toward the injured person or toward all persons in one or more groups or categories of which the person is a member.

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED**   _____

36.    An act or failure to act is wantonly done if done in reckless or callous disregard or indifference to, the rights of one or more persons including the injured person.

**ACCEPTED** _____

**DENIED**      _____

**MODIFIED** _____

37.     An act or failure to act is oppressively done if done in a way or manner which injuries or damages or violations that rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of another person.


**ACCEPTED** _____

**DENIED**       _____

**MODIFIED**  _____

38.    Whether or not to make any award of punitive and exemplary damages in addition to actual damages is a matter exclusively within the province of the jury, if you unanimously find that one of the defendants' acts or omissions which proximately cause actual damage to the plaintiff was maliciously, wantonly or oppressively done, then you may award punitive damage against that defendant.

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

39.     Punitive damages must be considered with respect to each defendant individually and based upon that defendant's actions.

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED**   _____

40.    In this case, plaintiff claims that he was subjected to excessive force by the defendants.  In that regard, you are instructed that, as an inmate, plaintiff has a right under the Eighth Amendment not to be subjected to unnecessary, unreasonable, and grossly excessive force by prison officials. Williams v. Mussomelli, 722 F.2d 1130 (3d Cir. 1983).  On the other hand, prison officials are permitted to use force when necessary to maintain or restore discipline, but they may not use force maliciously or sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995 (1992).

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

41.     You are instructed that even minor prison disruptions require prison officials to make quick decisions that balance the need to maintain order against the risk of harm from the use of force. Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992). Thus, you must determine whether the force in this case was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

42.     In reaching your decision, you should consider the need for application of force, the relationship between that need and the amount of force used, the extent of Flemings' injuries, the threat perceived by the defendants, and any efforts made to temper the amount of force used. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).  In this respect you may consider that the absence of the sort of physical injury that one would expect to find as a corresponding result of the sort of force that Mr. Fleming claims was used against him by the defendants is evidence that Mr. Fleming was not in fact subjected to the use of an unreasonable amount of force by the defendants.  Brooks, supra at 108.

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

43.     If you find that defendants applied force in a good faith effort to maintain or restore discipline, then your job is done.


**ACCEPTED** _____

**DENIED**      _____

**MODIFIED** _____

43.    The fact that the plaintiff was convicted of a particular charge of misconduct after a prison misconduct hearing and that he did not succeed in getting it overturned on administrative review conclusively proves that there was a legitimate penological reason to justify the misconduct charge and that the defendant would still have made the same charge under the circumstances regardless of the plaintiff having engaged in constitutionally protected activity.  Therefore, if the defendant proves by a preponderance of the evidence that the plaintiff was thus convicted of a charge of misconduct that he alleges was retaliatory, you must find in such instance for the defendant.

Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002); Allah v. Al-Hafeez, 208 F.Supp. 2d 520, 536 (E.D.Pa. 2002).

**ACCEPTED**  _____

**DENIED**        _____

**MODIFIED**  _____

44.    If you find that the defendant took adverse action against the plaintiff in the form of charging the plaintiff with prison misconduct, and that this action was substantially motivated by the defendant's knowledge that the plaintiff had engaged in either form of constitutionally protected activity described previously you may still refuse nevertheless to find the defendant liable for retaliation on one condition.  If, notwithstanding the plaintiff's ability to prove these three elements, the defendant is able to prove to your satisfaction by a preponderance of the evidence that he had a legitimate penological reason to justify him in filing the misconduct charge, and therefore, to support the reasonable conclusion that he would still have filed same charge under the circumstances, regardless of the plaintiff having been engaged in a constitutionally protected activity then you must find in favor of the defendant.

Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); Allah v. Al-Hafeez, 208 F.Supp. 2d 520, 536 (E.D.Pa. 2002).

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

45.     Here, there is no dispute that a filing and proceeding with a lawsuit in federal court claiming that his constitutional rights were violated while at SCI-Albion the plaintiff was engaged in constitutionally protected activity during the time he was given the various misconduct charges at issue in this case. There is also no dispute if he signed an affidavit in support of claims in another prisoner's federal civil rights lawsuit he was engaged in constitutionally protected activity.  Here there is no dispute that filing false charges of prison misconduct against an inmate are adverse actions.

Therefore, you must determine if the plaintiff has proven to your satisfaction by a preponderance of evidence that in each instance in question at SCI-Albion the defendant was actually and personally aware that the plaintiff had filed a federal civil rights lawsuit.  If he has not you must find for the defendant.  If you find that he has done so then you must determine accordingly that what substantially motivated the defendant to file the misconduct charge was the knowledge that plaintiff had filed and was pursuing the federal civil rights lawsuit.  If you do not then you must find for the defendant.

Similarly, you must determine if the plaintiff has proven to your satisfaction by a preponderance of evidence that in the incident at SCI-Camp Hill the defendant was actually and personally aware that the plaintiff had signed an affidavit supporting another prisoner's lawsuit. If he has not you must find for the defendant.  If you find that he has done so then you must determine accordingly that what substantially motivated the defendant to file the misconduct charge was the knowledge that plaintiff has signed such an affidavit.  It you do not then you must find for the defendant.

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

46.    If plaintiff does not prove to your satisfaction by a preponderance of the evidence that his actual conduct did not justify the defendant in charging him with prison misconduct, that, in other words, he does not prove that he was given a false charge of misconduct by the defendant on the basis of a false description of his behavior and actions, you cannot find that defendant's knowledge of his constitutionally protected conduct substantially motivated the defendant to charge him with prison misconduct and that the issuance of the misconduct was done by the defendant for retaliation for the plaintiff's exercise of his constitutional right to engage in constitutionally protected activity.  Therefore, if the plaintiff does not prove to your satisfaction that he actually did not do the prohibited actions for which the defendant charged him with prison misconduct he cannot succeed on his claim that he suffered unconstitutional retaliation in the form of unjustified sanctions for prison misconduct. Therefore, you must find for the defendant.

Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002); Allah v. Al-Hafeez, 208 F.Supp. 2d 520, 536 (E.D.Pa. 2002).

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED**   _____

47.     In order to prevail on a claim of retaliation, the plaintiff must prove three things to your satisfaction by a preponderance of evidence:

First, that he engaged in constitutionally protected activity and that the defendant was personally and actually aware that the plaintiff had engaged in constitutionally protected activity;

Second, that he suffered an adverse action by the defendant, which comprised the sort of thing that would deter an inmate of reasonable firmness and resolution from engaging in the constitutionally protected activity; and

Third, the fact the defendant had engaged in the constitutionally protected activity substantially motivated the defendant to subject the plaintiff to the adverse action.

Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001).

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED** _____

48.     Unless you first find that the plaintiff suffered actual physical injury as a result of the actions of one or more of the defendants in this case that violated his right to be free from cruel and unusual punishment under the Eighth Amendment, as I have previously explained that to you, you are not permitted to consider whether to award the plaintiff any compensatory damages for mental or emotional injury alone.  The law does not allow the plaintiff to recover money damages for mental or emotional injury that he might have suffered in this kind of case unless he was first proven to your satisfaction by a preponderance of the evidence that he has suffered prior physical injury.  42 U.S.C. § 1997e(e), <u>Zehner v. Trigg</u>, 133 F.3d 459 (7th Cir. 1997); <u>Fontroy v. Owens</u>, 150 F.3d 239 (3d Cir. 1998); <u>Allah v. Al-Hafeez</u>, 226 F.3d 247 (3d Cir. 2000).

**ACCEPTED** _____

**DENIED**       _____

**MODIFIED** _____

49.     A corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.

Smith v. Messinger, 293 F.3d 641, 650 (3d Cir. 2002).

**ACCEPTED** _____

**DENIED**        _____

**MODIFIED**   _____

50.     In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).

**ACCEPTED** _____

**DENIED** _____

**MODIFIED** _____

51.    A corrections officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior.  However, an officer is only liable if there is a realistic and reasonable opportunity to intervene.

Smith v. Mensinger, 293 F.3d 641, 650-651 (3d Cir. 2002).

**ACCEPTED**    _____

**DENIED**        _____

**MODIFIED**    _____

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:    s/Kemal Alexander Mericli
       Kemal Alexander Mericli
       Senior Deputy Attorney General
       Attorney I.D. No. 27703

       Susan J. Forney
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  October 12, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Defendants' Proposed

Jury Instructions was served upon the following via first-class mail on October 12, 2005.


Ronald Fleming
350 Bessemer Road
Steelton, PA   17113




                                    <u>s/Kemal Alexander Mericli</u>
                                    Kemal Alexander Mericli
                                    Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 12, 2005