IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-164 Erie |
| ) | |
| SUPERINTENDENT, WOLFE, et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF JUDGMENT UNDER F.R.C.P. 50**

**ARGUMENT**

**A.** Fleming's surviving retaliation claims are brought against defendants Weaver, Davison, Maldonado, Robinson, Wittel, Allen and Kreider. They all share the same fundamental gravamen: in each case these claims are premised on the identical contention that the plaintiff received a frivolous prison misconduct charge or "write-up" from one or another of these named defendants on the basis of the desire of each of them to retaliate against him for a lawsuit he had brought or assisted with against state prison authorities on the basis of alleged civil rights violations. Fleming himself represents that he was found guilty of all of these charges and none were ever reversed. Therefore, none of the retaliation claims can stand: prison authorities would still have charged and found him guilty of these instances of prison misconduct aside from any retaliatory motives they might have had on the independent basis of the legitimate penological purpose of enforcing prison discipline for his actual infractions of the rules. Carter v. McGrady,

292 F.3d 153 (3d Cir. 2002); Allah v. Al-Hafeez, 208 F.Supp. 2d 520 (E.D.Pa. 2002). "Some evidence" was necessarily adduced in each instance to support the conclusion that Fleming committed misconduct in every incident charged so grounds separate from a retaliatory motive exists for each misconduct, all of which still stand..

      **B.**      Fleming claims SCI-Albion corrections officers defendant Tiller ostensibly kicked him once in the ankle and later on the same day -- May 15, 2002 -- slammed a "wicket door" (or interior hinged cell door panel) on his wrist, and defendant Davison is alleged to have closed a yard gate on his elbow on yet another day -- August 23, 2002. Each of these incidents is a separate and discrete occurrence and all lack any objective corroboration of their having occurred, while the only medical treatment the plaintiff received was a month's supply of an "over the counter" pain reliever – Motrin and that only much later for the otherwise occult, self-reported ankle and wrist "injuries."  He asked for no contemporaneous medical attention for the bumped elbow at all.  These kinds of manifestly de minimis "uses of force" cannot support an Eighth Amendment violation.  Actions of the kind that Fleming alleges these defendants perpetrated have never been viewed as being capable of supporting an Eighth Amendment violation by the federal courts.  This is assertion the defense makes here regardless of the need to acknowledge candidly that the Third Circuit has a somewhat unique legal position among the courts of appeal that a prisoner's Eighth Amendment use of force claim cannot be conveniently defeated merely by reliance on the fact that the alleged injuries that were ostensibly inflicted by the corrections officers on the inmate in the case ultimately themselves were "de minimis," and that standing alone the absence of serious injury to the prisoner is not a dispositive factor in favor of the prison authorities in such a case.  Brooks v. Kyler, 204 F.3d 102 (3d Cir. 2000).  This case, however, is distinctively different.

The rationale for Brooks is that whenever prison guards use force against an inmate maliciously and sadistically the Eighth Amendment is violated, whether or not significant injury results; otherwise, the deliberate infliction of torture could reign unimpeded in the prison no matter how inhuman or diabolic the intention of the authorities or how degrading its aspects, so long as evident physical injury to the prisoners does not result. 204 F.3d at 108. This rationale nevertheless is capable of being fully reconciled with the defendants' position in this case that they are entitled to summary judgment on this issue. The recent decision of Thomas v. Ferguson, 361 F.Supp. 2d 435 (D.N.J. 2004) shows how this is accomplished conceptually, with all due respect to the Brooks holding, on comparable facts. Where there is neither torture or sadistic use of force alleged, nor anything but de minimis injury alleged at most, there is no Eighth Amendment claim raised.

In Thomas the district court found no Eighth Amendment violation to be presented by circumstances in which no significant injury had resulted to the inmate, who was involved in an altercation with prison guards, and this de minimis injury was not the alleged product of an egregious use of force by corrections officers, such as the alleged vicious beating of a prisoner in handcuffs by a veritable host of guards that was at issues in Brooks. Instead, in Thomas the prisoner claimed one prison guard pushed and kicked him, while another one punched him twice, and yet another one did so once, before the latter two of them threw him on the ground. At no time was the prisoner in restraints. *"Eighth Amendment protections, however, have never been afforded in cases of minor injury and minor use of force, even in the face of allegedly immoral conduct."* 361 F.Supp. 2d at 442 (emphasis in original). The district court awarded summary judgment for the defendants.

Fleming's allegations against the named defendants amount to less than those found not to be sufficiently egregious for Eighth Amendment purposes in Thomas. His injuries are less severe too; that is, they are plainly de minimis. Thus his Eighth Amendment excessive force claim must fail at this stage for the same reasons that prevailed in Thomas.

## CONCLUSION

WHEREFORE, defendants respectfully request entry of judgment in their favor.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:  s/Kemal Alexander Mericli
Kemal Alexander Mericli
Senior Deputy Attorney General
Attorney I.D. No. 27703

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  October 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Judgment Under F.R.C.P. 50 was served upon the following via first-class mail on October 12, 2005.

Ronald Fleming
350 Bessemer Road
Steelton, PA   17113

                                            s/Kemal Alexander Mericli
                                            Kemal Alexander Mericli
                                            Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 12, 2005