IN THE U.S. DIST. COURT FOR THE WESTERN DIST. OF PA.

Fleming
    Plaintiff
  v.
Super. Wolfe, Et. Al.
    Defendant

C.A. No. 02-164 ERIE

Judge McLaughlin
Magistrate Baxter

## Jury Instructions

It is truly clear that, from the evidence presented in this case, the testimony presented by both sides, and the Federal Rules of Civil Procedure's, the defendants have clearly violated his rights, under the (8th) and/or (14th) Amendments to the United States Constitution, by:

Failing to provide him with a personal hygiene item SOAP, for use in the shower and his cell. It should also be clearly set that serval "frivilous" misconducts were filed against me, in retaliation for the exercise of my (1st) Amendment Rights to freedom of speech and/or to petition for redress of grievances. To wich I should be subject to declaratory and "injunctive" relief, as well as "compensatory" and "punitive" DAMAGES, RETALIATION. In particular, a number of "frivilous" misconducts were filed against the plaintiff during the period from MAY 17, 2002, to AUGUST 21, 2002, in retaliation for the filing of the original complaint in this case. These misconducts were filed by the original defendants of SCI-ALBION, WEAVER, DAVISON, MALDONADO, And ROBINSON, in addition the supplemental defendants of SCI-CAMPHILL, WITTEL, ALLEN, And KREIDER, gave the plaintiff a "frivilous" misconduct on August 11, 03, in retaliation for the plaintiff filing a sworn "affidavit" on behalf of a inmate who had been assulted by defendants ALLEN, WITTEL, And KREIDER, in the presence of LT. LEGGORE on AUGUST 2, 2003, "retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the constitution actionable under section 1983." See WHITE V. NAPOLEON, 897 F.2d 103, 111-12, (3rd Cir. 1990), "Government actions, wich standing alone, do not violate the constitution, may none the less be constitutional "torts" if motivated in substancial part by a desire to punish an individual for exercise of a constitutional right." MITCHELL V. HORN, 318, F.3d, 523, 530-(3rd Cir. 2003), quoting ALLAH V. SEIVERLING, 229, F.3d, 220, 224-25, (3rd Cir. 2000).

IN ORDER TO STATE A PRIMA FACIE CASE OF RETALIATION, THE PLAINTIFF HAS clearly Demonstrated:

1). THE conduct IN WICH HE ENGAGED WAS Constitutionall Protected;

2). He Suffered "Adverse Action" At the hands of the Defendants; and

3) His constitutionally protected conduct was a substantial and motivating Factor IN THE Decision to Disipline me. See CARTER v. McGRADY, 292 F.3d 152, 157-58 (3RD CIR. 2002), quoting RAUSER v. HORN, 241, F.3d, 330, 333, (3rd CIR. 2001),

Following THE Satisfaction of A Prima Facie Case of Retaliation, THE BURDEN SHIFTS TO THE DEFENDANTS TO DEMONSTRATE, By A preponderence of THE EVIDENCE, THAT THEIR Actions would HAVE BEEN THE SAME, EVEN IF THE Plaintiff were NOT ENGAGING IN THE CONstitutionally Protected Activities. CARTER, 292 F.3d At 518. THE Plaintiff HAS Demonstrated THAT His Exercise of A Constitutional Right was the substancial and motivating Factor IN THE Challenged Decision, THE DEFENDANTS clearly Failed To Prevail, By NOT PROVING THAT THEY would HAVE MADE THE SAME Decision ABSENT THE Protected CONDUCT For REASONS Reasonably Related to A legitimate penological Interest." Pursuant to RAUSER, 241, F.3d At 334, IN Evaluating A prison official's opinion, [P]rison ADM. ARE Accorded WIDE-Ranging DEFERENCE IN THE Adoption AND Execution of Policies And Pratices THAT IN THEIR JUDGEMENT ARE Needed TO Preserve INTERNAL ORDER AND DISIPLINE AND TO MAINTAIN INStitutional SECURITY." See Bell v. Wolfish, 441, U.S. 520, 547 (1979).

THE plaintiff HAS clearly met THE (1ST) PRONG of His RETALIATION CLAIM, By Clear And Convincing Evidence, As Filing lawsuits, And sworn affidavits ARE Constitutionally Protected Activities, AS IS Accessing THE COURT TO complain About Prison CONDITIONS. See ANDERSON v. DAVILA, 125, F.3d, 148, 161 (3rd CIR. 1997). (Finding THAT THE Filing of A lawsuit is Protected Activity); HERRON V. HARRISON, 203, F.3d, 410, 415, (6TH CIR. 2000) (Holding THAT AN INMATE HAS A Right UNDER THE (1ST) Amendment to file GRIEVANCES Against PRISON STAFF); CHRISTOPHER v. HARBURY, 536, U.S. 403, 415, N. 12 (2002) (Finding THAT Access to COURTS Claim MAY ARISE IN THE Context of ARTICLE IV Privileges And Immunities Clause, THE First Amendment Petition Clause, THE (5th) Amendment Due Process Clause, And THE (14TH) Amendment Equal Protection Clause).

IN Satisfying the Second prong, plaintiff's Allegations Regarding THE Actions of DEFENDANTS Does Raise TO THE level of Adverse Action; In OTHER WORDS, THE plaintiff's Allegations ARE Sufficient to Demonstrate THAT THE Actions Detered Him of ordinary firmness from engaging IN the protected Activity of filing the lawsuit And grievance

The Defendants simply contend that "Plaintiff fails to plead any adverse action taken that was significant enough to dissuade him from exercising his rights." (The claimed retalitatory actions) [are] truely inconsequential," establishing that the Plaintiff's civil action should truely be decided in his favor. A reasonable jury should truely determine that the filing of "frivilous" misconducts, wich clearly resulted in the Plaintiff being sanctioned to disiplinary confinement, is sufficient to deter a person of ordinary firmness, from engaging in constitutionally protected activity, as a result Plaintiff is also satisfied the second prong, of a retaliation claim, with regards to such actions.

The Plaintiff has also clearly satisfied the (3rd) prong, of his retaliation claim, by the alleged casual connection between the exercise of his constitutional rights, and the Defendants' adverse actions. The Plaintiff's claims make clear the filing of the original complaint in this matter, and the filing of the sworn affidavit on behalf of his fellow inmate, occured within, at least, a temporal proximity of the alleged adverse actions, wich is a casual link sufficient to satisfy the the (third prong) of the Plaintiff's retaliation claim, see ALLAH v. AL-HAFEEZ, 208 F. Supp. 2d at 535.

The burden lies with the Defendants to demonstrate, by a preponderence of the evidence, that they would have taken the same adverse actions (i.e., filed the challenged misconducts) regardless of the Plaintiff's exercise of his constitutionally protected rights, this they have not been able to accomplish. As a result of the foregoing, Plaintiff's (1983) civil action should be decided in his favor.

Respectfully Submitted

Ronald Fleming (Prose)
Ronald Fleming (Prose)
350 Bessemer St. Steelton
PA, 17113

Date: Oct 10 05