IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

- - -

RONALD FLEMING,                        : CIVIL ACTION

                    Plaintiff,     : NO. 02-164 Erie

        -VS-                            :

SUPERINTENDENT WOLFE, et al,      :

                    Defendants.      :

                                        - - -

        Pretrial conference proceedings held before the

Honorable Magistrate Susan Paradise Baxter, on Monday, October

17, 2005, held in the Judge's Conference Room of the United

States Federal Courthouse, 617 State Street, Erie,

Pennsylvania, 16501, commencing at 9:35 a.m. and concluding at

4:05 p.m.

                                        - - -

For the Plaintiff:

        Ronald Fleming, pro se
        Stilton, Pennsylvania

For the Defendants:

        Kemal A. Mericli, Esquire
        Office of the Attorney General
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, Pennsylvania 15219


                REPORTED BY:  DENICE A. GRILL, RMR
                FERGUSON & HOLDNACK REPORTING, INC.

P R O C E E D I N G S

1

JUDGE BAXTER:  Before we get started on the
pretrial conference, I wanted to -- First, let me call the
case.  This is Ronald Fleming versus Superintendent Wolfe,  et
al., civil action number 02-164 Erie.  We're here for a
pretrial conference.

Several housekeeping things I want to talk about first.
Obviously, we set this up in our minds with a jury trial.  We
missed that there had not been a jury demand, and so therefore
this afternoon was set aside as voir dire.  We don't need
that.  Have you had -- You have planned to have your
defendants here tomorrow?

MR. MERICLI:  Yes.

JUDGE BAXTER:  So we wouldn't start this
afternoon.  I was going to say, was there a chance we could
start this afternoon, but it would be dependent on the
defendants.

MR. MERICLI:  Yes.

JUDGE BAXTER:  Okay, we'll start tomorrow.

MR. MERICLI:  Very good.

JUDGE BAXTER:  Another thing I want to ask is if
you two have talked about settlement outside of my earshot.
Whenever we've been on the phone together --

MR. MERICLI:  No, your Honor.

MR. FLEMING:  Huh-uh.

1          JUDGE BAXTER:  I have to tread lightly on that,

2    Mr. Fleming, because it's a Judge trial, so I can't --

3    Sometimes in a jury trial the Judge assists a pro se person a

4    little bit.  I can't do it at all.  I have to stay totally

5    impartial on that.

6          MR. FLEMING:  All right.

7          JUDGE BAXTER:  So I'm not going to bring it up

8    again.  If you want to talk to Mr. Mericli in that regard,

9    you'll have to do that on break this afternoon.

10          MR. FLEMING:  Yeah.

11          JUDGE BAXTER:  I'm not going to have anything to

12    do with it, okay.  I know you might bring it up -- I know you

13    might say something like Judge, I think. . .  I'm out of that

14    at this point.

15          MR. MERICLI:  I think I can simplify matters by

16    saying my clients are not interested in settling the case.

17          JUDGE BAXTER:  Okay, that's on the record.

18          MR. MERICLI:  Okay.

19          JUDGE BAXTER:  All right.  Now, the first thing I

20    think we should talk about before we go down the list of

21    pretrial matters is Friday -- we always get those last minute

22    letters -- we received a letter from you that was filed,

23    saying that you hadn't gotten two tapes that you had described

24    in a letter.  Are we anywhere on that?  What's going on about

25    that?

1          MR. MERICLI:  Let me explain.  At this point I

2    sent the tapes and I have -- If you'll excuse me, your Honor.

3          JUDGE BAXTER:  Sure.

4          MR. FLEMING:  You said you sent them certified

5    mail, right?

6          MR. MERICLI:  Yes.

7          MR. FLEMING:  On when?  October the what?

8          MR. MERICLI:  I sent them on -- I had sent them

9    certified mail on --

10          JUDGE BAXTER:  Does the --

11          MR. MERICLI:  Here they are, October the 4th.

12    Now, I have --

13          JUDGE BAXTER:  You can take a look at this

14    (indicating), Mr. Fleming.

15          MR. MERICLI:  I have my secretary calling the post

16    office to find out why there was no return receipt signed for

17    this.

18          MR. FLEMING:  Okay.  Where is the --

19          JUDGE BAXTER:  This address?

20          MR. FLEMING:  Why ain't all that filled out?

21          MR. MERICLI:  Because it hasn't been -- As you can

22    see, on September 28th -- I think it was the 28th, where I

23    actually got a green card back, that's not filled out, but

24    that's what you get.

25          MR. FLEMING:  What's this (indicating)?  This is

1    something else.

2              MR. MERICLI:  That's something else.

3              MR. FLEMING:  This ain't the tapes, is it?

4              MR. MERICLI:  This is what we don't have in this

5    instance.

6              MR. FLEMING:  Let's go back to the one, please.

7    You said you sent the tape by certified mail?

8              MR. MERICLI:  I sent it by the same thing.

9              MR. FLEMING:  This is suppose to be filled out.

10             MR. MERICLI:  Well, it's not filled out on the

11   other one either.

12             JUDGE BAXTER:  That's what he was trying to point

13   out, the other one made it and he hadn't filled that out

14   either, but this one we don't have a return receipt.  And I

15   don't believe this is anything you fill out anyway.

16             MR. FLEMING:  I never received no tapes.

17             MR. MERICLI:  I have my --

18             MR. FLEMING:  And also --

19             MR. MERICLI:  And I left my secretary with a FAX

20   and I have her because --

21             JUDGE BAXTER:  These have never been returned, so

22   you haven't --

23             MR. MERICLI:  They were never returned.  But I do

24   have copies of the tapes here that I can make an exhibit.  An

25   Exhibit "A" and "B" for me, but I can make them Court's

1    exhibits and he can watch them here --

2    JUDGE BAXTER:  Okay.  And he can watch them this

3    afternoon.

4    MR. MERICLI:  -- Before we proceed further.

5    JUDGE BAXTER:  Were you planning on using them as

6    Defendants Exhibits?

7    MR. MERICLI:  But I can make them Court exhibits.

8    MR. FLEMING:  I need my own copies though.  I'd

9    rather have my own copies.

10   MR. MERICLI:  There's another point

11   I'd like to make, if it's all right?

12   JUDGE BAXTER:  Let him talk.

13   MR. MERICLI:  I'd like to argue in the strongest

14   possible terms that there are strong and compelling legal

15   arguments for why there should not be a trial in this case.

16   JUDGE BAXTER:  All right.

17   MR. MERICLI:  If you know -- If we can dispose of

18   that at the outset, it certainly would be of some importance.

19   JUDGE BAXTER:  At the outset, yes.

20   MR. FLEMING:  I'll get a chance?

21   JUDGE BAXTER:  You'll get a chance to oppose that,

22   yes, of course.  But we got this letter from you on Friday and

23   so I wanted to talk about this.

24   MR. FLEMING:  All right.

25   JUDGE BAXTER:  And from your letter -- I did not

1  know whether they had been sent.  Now I see that he says that

2  they have been sent, but you say they have not been received.

3          MR. MERICLI:  I didn't have staff over the

4  weekend, so I left photocopies of the letter and I left a

5  message.  I'm hopeful that my secretary didn't take today off.

6          JUDGE BAXTER:  And she'll look into it?

7          MR. MERICLI:  And she'll look into it.  But if

8  not, if I could make a call I could have the paralegal, who

9  I've already spoken to this morning about another matter, I

10  could have her look into it.

11          JUDGE BAXTER:  We will do that in a bit, but since

12  he has an argument to make about trial, let's do that.  I do

13  want to say that this case is just so old and that's why I

14  pushed it fast here at this point.  In a case that was filed

15  in '02 it's very unusual to be doing a motion to dismiss, you

16  know, R and R --

17          MR. FLEMING:  It's like the fourth or fifth one.

18          JUDGE BAXTER:  -- Three years later.  And we did

19  that this spring.

20          MR. FLEMING:  It's the same arguments, he --

21          JUDGE BAXTER:  But you have more and more amended

22  complaints, so that makes for more motions to dismiss.

23          MR. MERICLI:  I had filed a motion to dismiss to

24  the initial complaint, and then the Court decided that it was

25  appropriate to respond to all four complaints.

1            JUDGE BAXTER:  Altogether.

2            MR. MERICLI:  I did ask for an additional 30 days

3     to do that, but ultimately we did --

4            MR. FLEMING:  Was that all --

5            JUDGE BAXTER:  But my point is it's an old case

6     but it hasn't been worked for three years solidly.  I mean we

7     lost you for a while.  We didn't hear from you, and then we

8     found you again.  So, because of that the argument you're

9     about to make is pertinent, is what I'm trying to say.

10            MR. MERICLI:  I see.

11            JUDGE BAXTER:  I'm not about to say this is too

12    late to make an argument, because it's a three year old case.

13    Even though it is a three year old case -- Do you understand

14    what I'm saying?

15            MR. MERICLI:  Yes.

16            MR. FLEMING:  You're saying it's pertinent, that

17    it's okay for him to make the argument?

18            JUDGE BAXTER:  Yes, I'm allowing him to make the

19    argument.

20            MR. FLEMING:  He's making an argument not to

21    go to trial?

22            JUDGE BAXTER:  I don't know what it's going to be,

23    I haven't heard it.

24            MR. FLEMING:  When is the appropriate time?

25            JUDGE BAXTER:  Now.

1          MR. FLEMING:  Okay.

2          JUDGE BAXTER:  Let him make his statement.  Don't

3 interrupt him and I'll let you talk.

4          MR. FLEMING:  One more thing I just want to say,

5 the videos that -- of incidents that is in regards to this

6 suit, he said that they said they don't even have and these

7 are like my key videos that I need.

8          JUDGE BAXTER:  But if they don't have them,

9 there's nothing we can do about that, Mr. Fleming.

10         MR. FLEMING:  What I'm saying is, I was on camera.

11 Under the policy, any time I come out of my cell, it must be

12 recorded.

13         JUDGE BAXTER:  Well, then you can ask those

14 questions to the defendants when they're on the stand.

15         MR. FLEMING:  All right.

16         JUDGE BAXTER:  You can call them and asked why you

17 weren't being recorded.

18         MR. FLEMING:  All right.

19         MR. MERICLI:  First, I'd like to say that these

20 arguments are not distinctively different from the arguments

21 that I made in the brief in support of judgment under Federal

22 Rule of Civil Procedure 50, that's dated October 12th.

23         JUDGE BAXTER:  Do I have that?  Yes, I have that.

24         MR. MERICLI:  I think so.  So to that extent I

25 would think that proper notice of them has been given.

1          JUDGE BAXTER:  All right.

2          MR. MERICLI:  And I'm not attempting in any way to

3     sandbag Mr. Fleming.

4          JUDGE BAXTER:  Do you have that document?  It

5     looks like this (indicating)?

6          MR. FLEMING:  Yeah.

7          JUDGE BAXTER:  All right.

8          MR. MERICLI:  So, there are two sets of claims in

9     this case.  One set deals with excessive force allegations,

10    the other set deals with retaliatory conduct allegations.

11         JUDGE BAXTER:  This one (indicating).  Do you see

12    that?

13         MR. FLEMING:  What date is that?

14         MR. MERICLI:  October the 12th.

15         MR. FLEMING:  I ain't never got it --

16         MR. MERICLI:  It's not distinctively different

17    from the summary judgment motion.

18         MR. FLEMING:  See, he says there's a lot of things

19    that he sent that I never got.

20         JUDGE BAXTER:  Is this not your address

21    (indicating)?  And that shouldn't say --

22         MR. FLEMING:  That's my address right there

23    (indicating).

24         JUDGE BAXTER:  This is your address?

25         MR. FLEMING:  Yeah.  When did he send it?

1        JUDGE BAXTER:  The Court filed it.  It was filed

2   on October 12th.

3        MR. FLEMING:  October 12th?

4        JUDGE BAXTER:  And he sent it to this address.

5        MR. FLEMING:  I never got that.  Okay.

6        MR. MERICLI:  Well, it isn't a lot different from

7   things I sent before.  And you just said earlier this morning

8   that I've been saying the same things over and over again.

9

10       JUDGE BAXTER:  We'll let him talk.

11       MR. MERICLI:  Maybe if you'll bear with me you'll

12  hear it maybe for the last time.  In any case, we have those

13  two sets of allegations.  The one is the excessive force and

14  the other is the retaliatory conduct.  Now --

15       JUDGE BAXTER:  Let me interrupt by saying, Mr.

16  Fleming, the retaliatory conduct we had recommended continue.

17  The excessive force we had recommended in May, as you recall,

18  that should be dismissed.  The District Judge disagreed and

19  kept that count in.  So there are two counts remaining.

20       MR. FLEMING:  One?  What about --

21       JUDGE BAXTER:  The first one is retaliation, based

22  on the misconducts.

23       MR. FLEMING:  Right.

24       JUDGE BAXTER:  And the second one is injuries by

25  your allegation, the wicker was shut down on your wrist.

1          MR. FLEMING:  Right.

2          JUDGE BAXTER:  So we know where we're going.

3          MR. FLEMING:  What did you say the date was,

4  October --

5          JUDGE BAXTER:  October 12th.

6          MR. FLEMING:  October 12th.

7          JUDGE BAXTER:  The two questions that we're going

8  forward --

9          MR. FLEMING:  He just said that --

10          JUDGE BAXTER:  The two questions that are going

11  forward on you've known about all summer.  What I'm saying is,

12  those are the two issues that he's addressing in this brief.

13  And he's making an argument on the law that you've seen

14  before, and he's making it again, all right.

15          MR. MERICLI:  Okay.

16          JUDGE BAXTER:  He just said he filed it on the

17  12th.  That was last Wednesday.

18          MR. MERICLI:  Okay.

19          MR. FLEMING:  I came down here on Friday so --

20          JUDGE BAXTER:  So you may not have received it.

21          MR. FLEMING:  I ain't never get it.

22          JUDGE BAXTER:  All right.

23          MR. MERICLI:  Well in any case, they're similar,

24  including some of the citations to the motion for summary

25  judgment that was dismissed without prejudice.  So, I'm just

1    trying to make a point that Mr. Fleming has at some point seen

2    the arguments I'm going to make.

3        Now, what I'd like to begin by saying is --

4        JUDGE BAXTER:  You don't have to dance around, you

5    disagree that I needed the support that I was claiming I

6    needed under 56.  You don't have to dance around that.  You

7    can disagree with me on that, if that's your point.

8        MR. MERICLI:  No, no, no, that's not my point.

9        JUDGE BAXTER:  All right.

10       MR. MERICLI:  Just bear with me for a second.

11       JUDGE BAXTER:  All right.

12       MR. MERICLI:  Because there's been a lot of

13   interchanges.

14       JUDGE BAXTER:  Yes.

15       MR. MERICLI:  And I'm just trying to collect my

16   thoughts.  I apologize.

17       JUDGE BAXTER:  That's all right.  I didn't want

18   you to be concerned about my feelings on that at all.  Go

19   ahead.

20       MR. MERICLI:  No, in fact, in relation to that

21   I've put that aside.

22       JUDGE BAXTER:  Okay.

23       MR. MERICLI:  I'm not attempting to dispute it in

24   anyway.

25       JUDGE BAXTER:  Okay.

1    MR. MERICLI:  If you would prefer to consider this

2  in the nature of a --

3    JUDGE BAXTER:  Rule 50 --

4    MR. MERICLI:  -- That would be more appropriate at

5  this point.  And Rule 50 can be made at any point.

6    Now, here's what happened.  Mr. Fleming says he was

7  kicked in the ankle.  We say he faked a stumble and faked a

8  trip.  There is a verified tape of this incident.  We have

9  interrogatories from the security, Captain Weaver, that

10  validates it as appropriate.

11    Now, let's assume Teller did kick him in the ankle, all

12  right.  He also says that when they finally got to the

13  library, the slot in the door, which for some unknown reason

14  is called a wicker, was slammed down on his wrist.  So now we

15  have him --

16    JUDGE BAXTER:  The ankle --

17    MR. MERICLI:  The ankle and the wrist.  He's

18  clipped on the wrist and kicked in the ankle.

19    MR. FLEMING:  Videotape --

20    MR. MERICLI:  And the videotape ends before the

21  allegations of the wicker, all right, and there are reasons

22  for that, which are matters of fact.

23    MR. FLEMING:  That's main security.

24    MR. MERICLI:  If you'll just let me speak.

25    JUDGE BAXTER:  He has the floor.

1          MR. FLEMING:   All right.

2          MR. MERICLI:   Now the next time happens on August

3     23rd, he says Davison hit him on the right elbow with the

4     gate.   We say he was in a truculent and foul mood and kicked

5     the gate shut, and actually hit Davison.   The tape shows what

6     it shows.

7          Now, back to my legal argument.   The Court is aware of

8     the fact that the Third Circuit, unique among the circuit

9     court of appeals, has decided that de minimus injuries do not

10    invalidate an excessive force claim.

11          JUDGE BAXTER:   That's correct.

12          MR. MERICLI:   I believe that the injuries in this

13    case are definitely de minimus injuries even as represented by

14    Mr. Fleming.   In other words, for the sake of argument I've

15    conceded Teller kicked him in the ankle and Sullivan slammed

16    his wrist --

17          JUDGE BAXTER:   For the sake of argument.

18          MR. MERICLI:   For the sake of argument.

19          JUDGE BAXTER:   He's not conceding it.   I

20    understand.

21          MR. MERICLI:   I'll concede that Sullivan slammed

22    his wrist and that Davison hit him with this hurricane fence

23    gate.

24          JUDGE BAXTER:   And under the circuit you have to

25    tell me now that it wasn't in a --

1    MR. MERICLI:  Malicious manner.

2    JUDGE BAXTER:  That's right.

3    MR. MERICLI:  But in good order.

4    JUDGE BAXTER:  Right.

5    MR. MERICLI:  Except we have an excellent opinion

6    dated December 4th, 2004 by Judge Hochberg of the District

7    Court of New Jersey.  Now, what she attempts to do is grapple

8    with Brooks -v- Kyler in the context of a case as we have

9    today.

10   In view of the fact that in Hudson versus McMillian the

11   United States Supreme Court said, citing to Johnson versus

12   Glick, a Second Circuit Court of Appeals opinion, that not

13   every push or shove is a violation of the

14   Eighth Amendment, and that de minimus force is not a violation

15   of the Eighth Amendment.

16   What Judge Hochberg says is I think we can reconcile

17   Hudson -v- McMillian and Johnson -v- Glick with Brooks -v-

18   Kyler.  What was alleged in Brooks -v- Kyler?  Now there was

19   de minimus injuries, but Brooks said he was beaten within an

20   inch of his life while he was handcuffed by a gang of sadistic

21   guards.  That is the sort of thing -- And even Hudson versus

22   McMillian talk about when people are tortured so as to leave

23   no marks or apparent injury.  Obviously, it would be --

24   JUDGE BAXTER:  There's no way to be beaten and not

25   have some marks.

1        MR. MERICLI:  But obviously it would be a poor

2   Eighth Amendment that allowed people to be tortured as long as

3   it left no marks.  But on the other hand, it's not respecting

4   the Eighth Amendment to say every time somebody gets bumped or

5   pushed they've been cruelly and unusually punished.

6        So what she says is you have to have two things.  You

7   have to have injury more than de minimus, and you have to have

8   allegations that it happened in a sadistic, brutal, vicious

9   way to somebody who was, you know, basically at their mercy.

10  And it's not in this case.  In Thompson, the guy had a cut on

11  his bridge of his nose, swollen area on the right cheek bone,

12  he was treated with antibiotics and given an ice pack.  And

13  Judge Hochberg granted summary judgment because it just

14  happened in a quick flurry.

15       They, just like a couple of primates or a couple of

16  cats, they just tore up at each other, and that is not the

17  Eighth Amendment.  Now, I think our case is even less.  We

18  have -- Let us say we have, you know, a guard who just gives

19  him a swift kick in the ankle, another one who is dismissive

20  and slams a cell slot, another one who slams a gate too fast.

21  That's not the Eighth Amendment.  That's Johnson versus Glick

22  and Hudson versus McMillian, de minimus uses of force.  The de

23  minimus uses of force.

24       The de minimus injuries aren't what support my argument

25  for ruling as a matter of law, it's the de minimus use of

1  force and the de minimus injuries, and that's all I have to

2  say about that.

3          JUDGE BAXTER:  All right, I understand what you're

4  saying.

5          MR. MERICLI:  I have a copy of --

6          JUDGE BAXTER:  I do need a copy of it.  I've

7  always read Brooks to say that we can't say as a matter of

8  course that a de minimus physical outward noticed injury in

9  itself can always mean that an Eighth Amendment violation

10 hasn't occurred.  So we're not going to go that far and say

11 that.

12         However, I don't think it says it never means that.  I

13 think what they said is there will be times when maybe

14 evidence can be shown that there's not a big outward injury

15 but there has been some sort of out to get the prisoner going

16 on and they've been clever about it.  And so we don't want to

17 foreclose those just because we don't see a broken arm or a

18 fat lip.  So, I've never taken Brooks -v- Kyler to be that

19 strong.

20         Obviously, I recommended dismissing the count earlier,

21 but it will be interesting for me to read how Judge Hochberg

22 reconciles this.

23         MR. FLEMING:  Can I say something?

24         JUDGE BAXTER:  Sure --

25         MR. MERICLI:  If you want, I could then address

1    the retaliatory misconducts.

2         JUDGE BAXTER:  Let's talk about this first, and

3    then you can present the motion on the retaliation.

4         MR. FLEMING:  I want to say that, okay, now for a

5    officer to kick and slam a wicker on my wrist, as it was

6    stated, that it's not enough to state a Eighth Amendment

7    claim, but due to the fact that I may file grievances saying

8    that I need medical attention and I can establish that also it

9    was a violation under Farmer versus Brennan, because it took

10   them a long period of time to even see if I was injured for

11   what happened to me.

12        JUDGE BAXTER:  So you're arguing that the outward

13   injury would have been greater if they had looked at it first?

14   Is that what you're saying, it was a greater injury than

15   they're arguing?

16        MR. FLEMING:  No, what I'm saying is that under

17   Farmer versus Brennan, which is deliberate indifference, which

18   is they knew that I had made a claim that I had been assaulted

19   through excessive force, but still refused to check and see if

20   my claims was legitimate --

21        MR. MERICLI:  That claim --

22        JUDGE BAXTER:  That's not in front of us.  We have

23   very specific claims going to trial.  You can't be a moving

24   target for him.  He has to know what he's defending today.

25   And the claim that they took too long, that there was

1    deliberate indifference is not part of the trial.  The trial

2    is excessive force under the Eighth Amendment for this wicker,

3    whatever the thing is called.

4            MR. FLEMING:  Okay, wicker.

5            JUDGE BAXTER:  Wicker.  And secondly, that they

6    retaliated against you by giving you as you allege frivolous

7    misconducts because you complained.

8            MR. FLEMING:  Okay.  I would like to say now that

9    I'm on the right course, that I would like to make it a issue

10   that during all of these claims, which is stated by

11   their attorney under the law, the prison also has a policy

12   where whenever I come out my cell that I must be on video

13   camera.

14           And I'd like to raise a issue that one of the claims

15   that I made, the video was never working at the time where I

16   said that I was assaulted, if I can bring that up now.

17           JUDGE BAXTER:  Well, that is an issue.  You say we

18   have the extraction where he claims he was kicked on video?

19           MR. MERICLI:  Yes, and we also have the medical

20   checkup that took place right after that.

21           JUDGE BAXTER:  On video?

22           MR. MERICLI:  Yes.

23           JUDGE BAXTER:  What we don't have is the --

24           MR. FLEMING:  Wicker slamming.

25           MR. MERICLI:  Right now I have my witness who says

1    -- And this is just an offer of proof.  My witness says that

2    once he gets inside the law library there's no point to

3    continue the camera, that's why --

4          JUDGE BAXTER:  That's where the wicker is?

5          MR. MERICLI:  The wicker is after he's inside he

6    has to stick his hands out to get the handcuffs off.

7          MR. FLEMING:  This is my turn, right?

8          JUDGE BAXTER:  Yes, go ahead.

9          MR. FLEMING:  I'd like to say, any time you were

10   in the RHU, which is the Restricted Housing Unit, it's

11   security issues.  Not only is it a security issue for being

12   confined there, but especially when I'm on a camera and for --

13         JUDGE BAXTER:  Is there a camera when you're

14   inside --

15         MR. FLEMING:  Yes, it is.

16         JUDGE BAXTER:  -- The place --

17         MR. FLEMING:  Yes, there's two cameras.  As soon

18   as you get inside the law library they have two cameras

19   pointing straight down.  Even if that tape somehow stopped, it

20   still should be seen by the two cameras inside the library.

21         MR. MERICLI:  One more offer of proof.  Weaver

22   says that he doesn't understand what he's talking about with

23   the two cameras inside the library, that's just what he says.

24         JUDGE BAXTER:  He doesn't say there is two

25   cameras.

1    MR. FLEMING:  I can establish that it is.  But

2  what I wanted to say was for --

3    JUDGE BAXTER:  Through testimony, through

4  questioning him?

5    MR. FLEMING:  Through cross, direct, I'll find a

6  way.

7    JUDGE BAXTER:  That's how you're going to --

8    MR. FLEMING:  I'll find a way.  God willing, he

9  will give me a way.  What I'm saying, for him to say it's not

10  really of a concern for the camera to be working at the time

11  of handcuffs being taken off of me, it's a security issue.

12  Why would he cut the camera off when they got to take

13  handcuffs off?  I could see they cut it off when I get in my

14  cell, but keep in mind the wicker is open and my hands is out

15  -- my one hand is out and my other hand is still in the cuff.

16  Why would they turn it off when the cuffs are still not

17  removed?

18    JUDGE BAXTER:  What about the fact when he says

19  there are no cameras going when you get into that spot of the

20  library?

21    MR. FLEMING:  Is two cameras into there.  Is two

22  cameras inside that law library.

23    JUDGE BAXTER:  They aren't running.

24    MR. FLEMING:  I don't know why he said that.  They

25  also have an overhead camera of anybody that come out their

1  cell.  I don't know why he said that don't work at the time or

2  whatever.  I could establish that under the prison security

3  policy that both cameras in the library are there, and that

4  the overhead camera is there, too, but they said that, you

5  know, they don't have none.

6          MR. MERICLI:  I'd like some rebuttal --

7          JUDGE BAXTER:  I want to ask him a few more

8  questions first.  Talk to me about the injury that occurred

9  there.

10          MR. FLEMING:  In the law library?

11          JUDGE BAXTER:  The one that hasn't been on tape,

12  one that isn't on tape.

13          MR. FLEMING:  Well, when I got inside the law

14  library, you know, you got your hands cuffed behind your back.

15  What they do is they tell to you back up and they open the

16  wicker and you stick your hand through the wicker.  So I stuck

17  my hands through.  They took my right hand off first and then

18  I turned for them to take my left hand.  And I clearly seen

19  it, CO Sullivan was working the camera.

20          And right as he -- Right as I got my wrist out ready

21  for the other one to come out, he took his foot and held up on

22  the wicker, and he held my hand trapped in the wicker.  And

23  I'm trying to pull my arm out as he's doing it.  And I

24  remembered that he said, oh, the camera's not working.  That's

25  how I know that they was not going to have that incident.  And

1    I wrote it in my grievance.

2        I said in my grievance that I can show you right now,

3    right before they was taking my hands out the wicker the

4    camera will not show it.

5        JUDGE BAXTER:  You're also going to testify what

6    will happen next?  What will your testimony be what happened

7    next?

8        MR. FLEMING:  After they got me in the library?

9        JUDGE BAXTER:  After it hit your one wrist.

10       MR. FLEMING:  After it hit my wrist --

11       JUDGE BAXTER:  You tried to push it out.  Then did

12   they lift it?

13       MR. FLEMING:  Hold on.  It was slammed.  He

14   slammed it in my wrist and they held my arm.  When he held it

15   like this (indicating), I was like four other officers held my

16   arm and pulled it out like this (indicating) and took -- and

17   took the cuff off.

18       And I took my hand out and Sergeant Eddy was standing

19   right there on the side of the window and I showed him my

20   wrist.  I said, man -- I said, man, look at this.  'Cause it

21   was like -- 'Cause it was down like this (indicating) and I

22   had some blood dripping off of it.  Not a

23   lot of blood it was just a little bit where you could see

24   where you slammed my wrist.  And he just turned around and

25   just walked away.

1    And that's when Tiller, the one that kicked me in my

2  wrist, came back and looked in the window.  And he said -- He

3  said -- He said I spit on the window directly in front of him.

4  Okay, now at this time I'm frustrated and trying to tell them,

5  look, give me some medical attention.  And they, you know, and

6  they walk away.

7    So, -- So what happened is, next thing I know they come

8  back to my -- back to the library with this spit mask saying

9  put this on you, put this on.  I'm like, man, I ain't putting

10  that on, I didn't do nothing.  They like, look, you don't put

11  it on, you know what's going on.  And there was too many of

12  them there.  I ain't going to be no fool.

13    JUDGE BAXTER:  All right, I get an idea of what's

14  going on.  Go ahead.

15    MR. MERICLI:  First, I think for the purposes of

16  --

17    JUDGE BAXTER:  Rule 50, we don't need to get into

18  the factual.

19    MR. MERICLI:  I also think in light of Rule 50 and

20  Judge Hochberg's opinion I think you should look at these

21  tapes to see in fact the end, the level of injury and the

22  level of force as alleged could not rise to the level of an

23  Eighth Amendment.

24    JUDGE BAXTER:  Okay.

25    MR. MERICLI:  I think that whatever this man would

1  have -- I think it's too small.  It's below the radar, even if

2  we give him his allegations.  That's why I'd like to put them

3  with the Court --

4           MR. FLEMING:  Can I --

5           JUDGE BAXTER:  You'll get to see them.

6           MR. MERICLI:  Yes.

7           MR. FLEMING:  What I want to say is, it's still

8  like two more tapes that they said they don't even got.  The

9  one where -- where they said that I broke a cuff key which is

10  also one of the four claims that you dismissed, you said --

11           MR. MERICLI:  That's retaliatory misconduct, that

12  has nothing to do --

13           JUDGE BAXTER:  That has nothing to do with it,

14  that is the kick in the shins and the handcuffs.

15           MR. MERICLI:  These are the two tapes

16  (indicating).

17           MR. FLEMING:  What about the medical treatment?

18           MR. MERICLI:  It's there.

19           MR. FLEMING:  Showing they took me inside the

20  medical room.  He didn't even check me.  All he did was check

21  my heartbeat and put his hand on my back or something and

22  said, no, ain't nothing wrong with you, your blood is not --

23           JUDGE BAXTER:  That's on there.  We'll take a

24  look.  You'll get to see it, too.

25           MR. FLEMING:  All right.

1          MR. MERICLI:  Okay.

2          JUDGE BAXTER:  Now the retaliation claim.

3          MR. MERICLI:  The retaliation claim.  Now in terms

4   of the retaliation claim, I referred the Court earlier and I

5   referred Mr. Fleming earlier to Carter versus McGrady.

6   There's no doubt that none of these misconducts were

7   overturned.  None of them were ever overturned.

8          What Miss Wallen is waiting for right now is some final

9   information from Camp Hill, because as Mr. Fleming was moved

10  through the system until his successful release, his records

11  were moved with him.  So they're not really here at Albion in

12  terms of his personal records.

13         I mean they may have records on investigations and

14  things like they did that pertain to them, like Captain

15  Weaver's own records, but they don't have the whole history of

16  the misconducts.  When I tried to get the misconducts -- I

17  have them and I have an affidavit from Valerie Bloom, the

18  records technician at Camp Hill, she gave me all the

19  misconducts all the hearings and all the sanctions, but she

20  gave me no indication of the appellate resolution or if there

21  was any appellate resolution of all of them.

22         JUDGE BAXTER:  Okay.

23         MR. MERICLI:  So that's what should be being

24  FAX'ed to us today.

25         JUDGE BAXTER:  Is it your argument that without

1    testimony of the defendant saying we would have done this

2    anyway, that simply showing that none of the misconducts were

3    overturned is enough legally?

4              MR. MERICLI:  That's right.

5              JUDGE BAXTER:  Is that your -- Do you understand

6    what I said, Mr. Fleming?

7              MR. FLEMING:  Excuse me?

8              MR. MERICLI:  This is an opinion from Judge

9    Circone that just came down as you see September 15th.

10             JUDGE BAXTER:  Okay.

11             MR. MERICLI:  Where Judge Circone took my argument

12   there.

13             JUDGE BAXTER:  And agreed.

14             MR. MERICLI:  And agreed.

15             JUDGE BAXTER:  That's enough under the

16   retaliation?

17             MR. MERICLI:  Yes.  Yes, so that would finish

18   everything.  On top of it, the second set of arguments --

19   That's the simple approach to it.

20             JUDGE BAXTER:  Yes.

21             MR. MERICLI:  The other argument is -- And I have

22   to apologize to the Court for this, and that is I was laboring

23   under a misapprehension that because Mr. Fleming has achieved

24   his freedom, that -- and is a citizen now, that he was not --

25   that all the issues of whether or not he exhausted remedies

1    were -- or whether or not he procedurally defaulted was moot.

2    It's not moot.

3                 MR. FLEMING:   Never --

4                 MR. MERICLI:   And under --

5                 JUDGE BAXTER:   That's right.

6                 MR. MERICLI:   Under two cases that --

7                 JUDGE BAXTER:   But I can't look into that myself,

8    I need to you tell me whether that's been done.

9                 MR. FLEMING:   He never --

10                MR. MERICLI:   Right, in terms of --

11                JUDGE BAXTER:   You can argue in a second.

12                MR. MERICLI:   Abdul Akbar versus McKelvie and

13   Ahmed versus Dragovich.   And they make it clear, while the

14   action was clear while an individual was incarcerated that

15   procedural default and exhaustion apply fully.

16                JUDGE BAXTER:   All right.

17                MR. MERICLI:   Now at this point I can and will

18   make an argument under the third prong of Rauser that -- And

19   under these cases that he procedurally defaulted definitely on

20   the Camp Hill misconduct involving Kreider, Wittel and Allen.

21                JUDGE BAXTER:   How did he do that?

22                MR. MERICLI:   He did that because -- If you'll

23   excuse me, he did that because the materials that I was given

24   on Allen --

25                MR. FLEMING:   That's a sworn affidavit, right?

1          JUDGE BAXTER:  Let him finish.

2          MR. MERICLI:  The materials I was given on Allen

3   -- And you have a copy of this.

4          MR. FLEMING:  Was this the first or the second?

5          MR. MERICLI:  First.  The materials I was given on

6   Allen -- I can mark this as "C".

7          JUDGE BAXTER:  I'll just take a look at it for now

8   and give it back to you.

9          MR. MERICLI:  If you can see here and look at the

10  back, unlike the Albion misconduct when I asked them for their

11  own misconduct, they gave me the entire packet including the

12  appeals.

13         JUDGE BAXTER:  Okay.

14         MR. MERICLI:  And you can see that here it's quite

15  clear in the letter and subsequently in the attached --

16         JUDGE BAXTER:  No appeals were received?

17         MR. MERICLI:  No appeals were received.  So I'm

18  particularly interested in this one because I have three men

19  coming from Camp Hill, traveling six hours starting at two

20  o'clock.

21         JUDGE BAXTER:  Today?

22         MR. MERICLI:  Yes.  So without needing to go as

23  far as the argument I made successfully to Judge Circone, in

24  this case we have a very clear instance where he procedurally

25  defaulted.

1          JUDGE BAXTER:  How many are there?  It's three?

2          MR. MERICLI:  There's, in addition to this one --

3          CLERK:  Six --

4          MR. MERICLI:  In terms of -- If I may interrupt,

5     Frank, in terms of defendants that are involved in this case,

6     here's how I have it worked out.  He -- There's a misconduct

7     where Tiller claims at Albion on May 14th that Mr. Fleming

8     threatened him with bodily harm and used abusive, obscene or

9     inappropriate language.  That's the spitting incident.

10         JUDGE BAXTER:  Okay.

11         MR. MERICLI:  Then there's also a misconduct that

12    I think is related, filed by Weaver.  Even though Weaver is

13    not a defendant.

14         MR. FLEMING:  Weaver's a defendant.  He is a

15    defendant.

16         MR. MERICLI:  He's not a defendant anymore.  That

17    is called lying to an employee.  And the one there was whether

18    or not his entire account of the transport to the law library

19    with the kick and the wicker was a cock and bull story.

20         JUDGE BAXTER:  Okay.

21         MR. MERICLI:  And they've convicted him of that.

22    Then we move down to I believe -- I believe that was on May

23    20th of '02.

24         JUDGE BAXTER:  That's what we have.

25         MR. MERICLI:  Then we move down to Davison and

1    Maldonado, destroying, altering or tampering with state

2    property.  That was the cuff key.

3              MR. FLEMING:  That was not videotaped.  Why wasn't

4    it?

5              MR. MERICLI:  That's the broken cuff key.

6              JUDGE BAXTER:  Okay, got it.

7              MR. MERICLI:  The next one is 8-23-02, that's

8    Davison and Maldonado saying, no, they didn't -- Davison

9    didn't hit him with the gate, he kicked the gate at Davison.

10             JUDGE BAXTER:  We have two in between that.

11             MR. MERICLI:  Those two are in fact -- One of them

12   -- They involve non-defendants, and that's why I don't have

13   them.

14             JUDGE BAXTER:  I see.

15             MR. MERICLI:  One of them -- But I have them

16   charted out for us.  They are -- There's one on --

17             JUDGE BAXTER:  8-2.

18             MR. MERICLI:  There's one on the -- the 8-2 one

19   does involve Davison and Maldonado.  There's one on 7-30-02

20   that's a Sergeant Yurko.  There's one on 5-30-02, that's

21   Corrections Officer Wernicki.

22             JUDGE BAXTER:  Okay.

23             MR. MERICLI:  One on 8-12-02 that's Vroman.

24             JUDGE BAXTER:  I don't have that.

25             MR. MERICLI:  And that involves --

1        JUDGE BAXTER:  8-2 is part of it?

2        MR. MERICLI:  Yes, 8-2 is part of it.  Then

3   there's one on 8-18 that involves Correction Officer Morales.

4        JUDGE BAXTER:  He's not a defendant.

5        MR. MERICLI:  No.  So those are the ones that were

6   left in the report and Vroman and Wernicki, Yurko, Morales

7   drop out and leave us with the ones I went through.

8        JUDGE BAXTER:  Okay.

9        MR. MERICLI:  There's also a final misconduct that

10  Robison filed for lying to an employee about the 8-23

11  incident, but I don't have any -- any indication it was ever

12  resolved.  And what happened is on September 11th he was moved

13  to SMU at Greene.  So perhaps they just let the whole thing

14  go.

15       JUDGE BAXTER:  Okay, so we have -- Let me make

16  sure I have them.  You said 5-14 we have 19 -- Is it 14?

17       MR. MERICLI:  It's 14.  The number, that's an

18  mischievous error that I think Mr. Fleming made.

19       JUDGE BAXTER:  We have 5-20, 8-2.  Is -- 5-30 is

20  out?

21       MR. MERICLI:  5-30 is out.

22       JUDGE BAXTER:  So 8-2.

23       MR. MERICLI:  Yes.

24       JUDGE BAXTER:  8-18.

25       MR. MERICLI:  No, I think 8-18 is out.

1    JUDGE BAXTER:  And 8-23 is out because we don't

2  have a resolution on that.

3    MR. MERICLI:  8-23 --

4    JUDGE BAXTER:  Is in.

5    MR. MERICLI:  Is in.  There's an 8-23 that's in.

6  That's the one of Davison and Maldonado.  So if I can go back.

7  5-14-02 Tiller, 8-2 Davison and Maldonado, and 8-23 Davison

8  and Maldonado.

9    JUDGE BAXTER:  What about 5-20?

10    MR. MERICLI:  That's Weaver.

11    JUDGE BAXTER:  He's out?

12    MR. MERICLI:  He's not a defendant, but it relates

13  to --

14    MR. FLEMING:  He is a defendant, isn't it?  Yeah,

15  Weaver is a defendant.

16    MR. MERICLI:  Is he?

17    MR. FLEMING:  Yes, he is.  He's been a defendant

18  all during the course.

19    JUDGE BAXTER:  But was he dismissed, that was the

20  issue?

21    MR. FLEMING:  No.  As a matter of fact, I just got

22  an interrogatory of productions from him.

23    MR. MERICLI:  If he's not, he's a defendant.

24    JUDGE BAXTER:  He's on here, but has he been

25  dismissed?

1          MR. FLEMING:  No, he hasn't.

2          JUDGE BAXTER:  He hasn't been listed as

3   terminated.

4          MR. FLEMING:  He's not terminated.  He was the

5   main -- He was the investigating captain that investigated the

6   whole incident.  Out of four misconducts that you said we'll

7   proceed, his was the first one for retaliation claim.

8          JUDGE BAXTER:  I have him.  I don't have him

9   terminated.

10          MR. FLEMING:  Right, he's not terminated.  And I

11   also wanted to say, okay, he said I never appealed the

12   misconduct from CO --

13          MR. MERICLI:  He still is a defendant, I'm sorry.

14          JUDGE BAXTER:  He's still part of your --

15          MR. MERICLI:  I made a mistake.  That means the

16   5-30 --

17          JUDGE BAXTER:  Okay, 5-30.

18          MR. FLEMING:  See, the misconduct he gave me, and

19   he is correct that I appealed it.  Now I never received

20   anything.

21          JUDGE BAXTER:  Hold on.  Before you get that far,

22   we have 5-14, 5-20, which is Weaver.

23          MR. MERICLI:  Right, I'm sorry about that.

24          JUDGE BAXTER:  8-2 and 8-23, those are the Albion

25   ones?

1          MR. FLEMING:  Right.

2          MR. MERICLI:  Yes.

3          JUDGE BAXTER:  And we have 8-11-03.

4          MR. MERICLI:  Which is the Camp Hill.

5          JUDGE BAXTER:  And those are the Camp Hill.

6          MR. FLEMING:  This is the one he's trying to get

7   them not to show up, and I want to show you the reason why he

8   should --

9          JUDGE BAXTER:  Let him finish.  I want to make

10  sure we know what we're -- You are now making an argument that

11  --

12          MR. MERICLI:  Two separate arguments.

13          JUDGE BAXTER:  The first one is --

14          MR. MERICLI:  All of them --

15          JUDGE BAXTER:  All of them go under -- First of

16  all, Camp Hill goes separately and procedural default.  But

17  all of them, if we get to the law, they all go.

18          MR. MERICLI:  Right.

19          JUDGE BAXTER:  Get to the merits of the law.

20          MR. MERICLI:  Right.

21          MR. FLEMING:  Yes.

22          MR. MERICLI:  And there's still a possibility that

23  they all might go under procedural default, but I don't have

24  the evidence yet.

25          JUDGE BAXTER:  You're waiting to see.

1      MR. FLEMING:  I have the evidence that they

2  should.

3      CLERK:  Let me interject, Robison, Wittel, Allen

4  and Kreider also they were retaliation claims that were kept

5  in.

6      MR. MERICLI:  Oh, Robinson.

7      MR. FLEMING:  Yeah, Robinson.  He's at Albion.

8      JUDGE BAXTER:  Where did they come from?

9      MR. MERICLI:  Kreider, Wittel and Allen are at

10  Camp Hill.

11      CLERK:  Are they at Camp Hill?

12      MR. MERICLI:  Yes.

13      JUDGE BAXTER:  Kreider, Wittel and who are Camp

14  Hill?

15      CLERK:  Allen.

16      JUDGE BAXTER:  And Robison investigated all of

17  these?

18      MR. MERICLI:  No, he investigated the 8-23-02

19  incident involving the gate slamming.

20      MR. FLEMING:  Right, and Weaver investigated the

21  law library incident.

22      MR. MERICLI:  That's right.

23      JUDGE BAXTER:  All right.

24      MR. FLEMING:  I just wanted to say that he's

25  claiming procedural default, that if this is okay for me to

1    say that, if all of his -- in all of his answers to the

2    complaint he never raises anything pertaining to a procedural

3    default until now.

4         Also I want to say that I can show on the records that

5    I did make a good faith effort to make appeals, and at some

6    levels I was stopped by me not receiving certain things.  But

7    I can't show --

8              MR. MERICLI:  Here's a copy.

9              MR. FLEMING:  I don't need that, I got too much

10   stuff over here now.

11             MR. MERICLI:  Okay.

12             JUDGE BAXTER:  What they say is you do not file

13   timely appeals.

14             MR. FLEMING:  Right.  In other words, they saying

15   I didn't appeal it.  That's what I'm saying I can show that I

16   did make --

17             JUDGE BAXTER:  Well, if you appealed it but

18   untimely, that's the procedural default.

19             MR. FLEMING:  That's what he's saying.

20             JUDGE BAXTER:  Right.

21             MR. FLEMING:  The thing with that is that he's

22   saying procedural default, and what I'm trying to do, explain

23   is it's not a procedural default because I made a effort to

24   appeal it, but I never received what I was suppose to receive

25   from them.

1          JUDGE BAXTER:   And that is in the 8-11 one that

2    the Camp Hill one?

3          MR. FLEMING:   The 8-11 one with the misconduct for

4    affidavit.   And I also sent a request to them indicating about

5    this affidavit I filed for the inmate, with a response that I

6    received from the unit manager saying that it is being

7    investigated.

8          JUDGE BAXTER:   Which one is that?  Camp Hill?

9          MR. FLEMING:   Yeah, this is Camp Hill.

10         JUDGE BAXTER:   Here's what they say, they say you

11   say those two numbers were appealed to the PRC or further, and

12   they said they've actually never received them, not that they

13   were untimely when they came in, he never received an appeal.

14         MR. FLEMING:   That's what they saying.

15         JUDGE BAXTER:   And you said you sent out appeals?

16              MR. FLEMING:   I made every effort as

17   possible to --

18         JUDGE BAXTER:   That doesn't answer it.  Did you

19   send them out?

20         MR. FLEMING:   Yeah, I sent them out.

21         JUDGE BAXTER:   And do you have copies of that?

22         MR. FLEMING:   Of the appeals?  Yeah, I got copies

23   of the appeals I sent out right here.

24         MR. MERICLI:   I have some rebuttal.

25         MR. FLEMING:   That number, 8592325.

1    JUDGE BAXTER:   8592325 and 8592864.

2    MR. FLEMING:   Yeah.   Here's the appeal right there

3    that they said never received (indicating), and here's a

4    grievance that I -- grievance that I filed that they rejected.

5    JUDGE BAXTER:   Sent 8-14-03.

6    MR. FLEMING:   Here's a grievance that I filed

7    (indicating) that they said you can't do it under the 801.   I

8    said, look I don't know what happened but I made an appeal.

9    That's the grievance.

10    On the front is the response that they sent me back,

11    saying they reject this.   So I couldn't go no further because

12    they wouldn't let me.   They said we didn't receive nothing and

13    his grievance is denied because you ain't allowed to do that.

14    JUDGE BAXTER:   Where do they say that?

15    CLERK:   Front page.

16    MR. FLEMING:   On the front.   What's the date on

17    that?

18    JUDGE BAXTER:   That you had to use an 801 not an

19    804.

20    MR. FLEMING:   But I couldn't because they said --

21    they never said nothing.   All I could do was try to file a

22    grievance to find out what was going on with my appeal.

23    JUDGE BAXTER:   But you say you did send it on the

24    801 forms originally?

25    MR. FLEMING:   That's the copy there.

1      JUDGE BAXTER:  That's one of them, that's not --

2      MR. FLEMING:  What's the other one you said of the

3  --

4      JUDGE BAXTER:  592864.

5      MR. FLEMING:  592864.  Who was that by?  Allen?

6  Oh, no, I guess you wouldn't know that.  592864.  Is that at

7  Albion or Camp Hill?

8      JUDGE BAXTER:  Camp Hill

9      MR. FLEMING:  Camp Hill, 592864.

10  Wait a minute, wait a minute because I got two misconducts

11  from them.

12      JUDGE BAXTER:  All right.  Can you respond to this

13  one (indicating)?  Do you know anything about this, Mr.

14  Mericli?

15      MR. MERICLI:  My understanding is that he filed a

16  grievance instead of pursuing a misconduct appeal, and that in

17  other instances he didn't do anything, but then complained

18  that they had lost them.  That's where I --

19      JUDGE BAXTER:  It says on top, "sent 8-14".

20      MR. FLEMING:  That's when I sent them.  And they

21  said they ain't never received nothing.

22      MR. MERICLI:  That's his own copy.

23      JUDGE BAXTER:  Right.

24      MR. MERICLI:  They say they didn't.  The other

25  thing is -- The point is, if he's going to make this a factual

1    dispute, I mean I have records -- the records say what they

2    say.  They say that he didn't do it right and he didn't do it

3    on time.  He says that's a lie.

4            JUDGE BAXTER:  Or that they didn't do it at all.

5            MR. MERICLI:  Yeah, that he didn't do it on time,

6    he didn't do it right or that he didn't do it at all.  And he

7    says that's a lie.  But all I can do is rest on my records.

8        Now, the other point is this though, why didn't he

9    appeal it to the central office of the Department of

10   Corrections?  Why didn't he appeal it there.  He had a final

11   review.  He could have taken the final review from that order.

12           MR. FLEMING:  What's wrong --

13           MR. MERICLI:  I've seen people take final reviews

14   from situations where they argue with the PRC and the

15   superintendent and go right to the top.

16           JUDGE BAXTER:  They go to the top?

17           MR. MERICLI:  That was his next step he gave up.

18           MR. FLEMING:  What misconduct are you talking

19   about?

20           JUDGE BAXTER:  The one at Camp Hill.  Why didn't

21   you take it to the state?

22           MR. FLEMING:  I did.  So they said they -- How can

23   I take it to the state if they say we never received that?

24           JUDGE BAXTER:  Now they're saying that you didn't

25   know that at the time you could have taken it and said, I

1    haven't received a response so I'm going to the next level.

2        MR. FLEMING:   To the state?

3        JUDGE BAXTER:   Yes.

4        MR. FLEMING:   As a matter of fact, let me see

5    something.

6        MR. MERICLI:   He could have taken their response

7    where they said you've been late and he could have taken that

8    up.   People have -- I have seen cases where matters have been

9    remanded to be resolved.

10       MR. FLEMING:   No, under the policy -- Right, they

11   -- You can't -- Only way -- Is nothing you can do about that.

12   Once they say that you -- we didn't receive your appeal  and

13   you take it to the state, they -- you going to get the same

14   answer.   We reviewed it and we see that you never -- that your

15   appeal was never received at the level of so and so and so,

16   whatever.

17       MR. MERICLI:   Maybe so, but that's his obligation.

18       MR. FLEMING:   My point is that I was

19   clearly stopped.   This is the reason why I filed a grievance

20   and this affidavit right here, and -- In this right here

21   (indicating) this request, which I got a response on from the

22   unit manager saying it's being investigated.

23       JUDGE BAXTER:   This is Camp Hill?

24       MR. FLEMING:   Right -- Yeah, Camp Hill.   Here's

25   the affidavit (indicating).

1          JUDGE BAXTER:  The alleged assault is being

2    investigated, staff report no documents were disposed of and

3    only access --

4          MR. FLEMING:  That's when he came to my cell.

5          JUDGE BAXTER:  You were issued a misconduct.

6          MR. MERICLI:  That's two different things.

7          JUDGE BAXTER:  There's nothing here about -- This

8    is a request to a staff member, but I don't see anything in

9    here about your --

10          MR. FLEMING:  About the --

11          JUDGE BAXTER:  Your administrative grievances not

12    being heard.

13          MR. FLEMING:  But that's --

14          JUDGE BAXTER:  What are you trying to show by

15    this?

16          MR. FLEMING:  What I'm saying is that I made -- I

17    came to staff and made it clear that they retaliated --

18    retaliated on me for -- due to the fact that I filed a

19    affidavit with this misconduct.

20          MR. MERICLI:  Those are two separate things.

21          JUDGE BAXTER:  But we don't know about the appeal

22    from this.

23          MR. MERICLI:  One thing he's talking about there

24    is that's a separate thing in this case.  That's the idea that

25    at some point supposedly -- It's a right of access claim that

1    you dismissed and it's out of this claim.

2          At some point they came in and he says they took legal

3    papers and prevented him --

4                MR. FLEMING:  Yeah, but that's --

5                MR. MERICLI:  -- From filing in his cell.  And

6    what they -- From filing them in court, and they took them

7    from his cell.  They said we never took any such thing.  We

8    took excess blank requests slips out of your cell and so

9    forth.

10          That's a separate thing.  It has nothing to do with the

11   question about what he thought was an unsatisfactory answer to

12   his grievance appeal, whatever.  He didn't appeal it.

13                JUDGE BAXTER:  Your argument is that simply when

14   they didn't answer, you say if you --

15                MR. FLEMING:  I filed a grievance.

16                JUDGE BAXTER:  When you went up, they would say

17   you didn't get a response below.

18                MR. FLEMING:  It wouldn't make sense, so I filed a

19   grievance.

20                MR. MERICLI:  Futility is what Booth versus Turner

21   in both the United States Supreme Court rejected.  If he's

22   making a futility claim, he has an obligation, no matter how

23   vein or quixotic to follow the rules.

24                JUDGE BAXTER:  To follow the rules.  All right,

25   now -- Then review your argument against all of them other

1   than the -- Your argument on all of them --

2              MR. MERICLI:  Is that none of them were ever

3   reversed.

4              JUDGE BAXTER:  Is because they were all upheld on

5   appeal.

6              MR. MERICLI:  That satisfies the alternative

7   burden of proof -- thank you -- of showing that when the

8   burden shifted to us.  We can prove therefore that we would

9   have done the same thing.

10             JUDGE BAXTER:  All right.

11             MR. MERICLI:  Because -- That's what Carter -vs-

12  McGrady says and that's what Oliver -vs- Al-Haffez says.

13             JUDGE BAXTER:  That's enough proof.

14             MR. MERICLI:  And that's what Judge Circone

15  accepted.

16             JUDGE BAXTER:  Okay.

17             MR. MERICLI:  Here's the appeals on the Albion

18  things.  If I could have a second --

19             JUDGE BAXTER:  Go ahead.

20             MR. MERICLI:  -- To see how far he went with them.

21             MR. FLEMING:  Here's a affidavit and that is shown

22  --

23             JUDGE BAXTER:  Let me take a minute to read this.

24  While he's doing that I'll see if this is pertinent to what

25  we're looking into.

1      MR. FLEMING:  That will show that ain't enough --

2  That ain't going to cut it, because it's clear and compelling

3  in the affidavit that it was a retaliation, and that all three

4  prongs were met, regardless of the appeal.

5      I also got --

6      JUDGE BAXTER:  Hold on, I'm reading.  Well, this

7  is totally different.  This is an affidavit -- All about Mr.

8  Colbert.

9      MR. FLEMING:  Yeah, that's the result of this

10  misconduct.  That's my claim that due to the fact of me filing

11  this affidavit right here --

12      JUDGE BAXTER:  To support Mr. Colbert's complaint

13  then you got --

14      MR. FLEMING:  This misconduct.

15      JUDGE BAXTER:  Except for the misconduct was

16  upheld -- His point is because no one dismissed the

17  misconduct, because they upheld it and you were found guilty

18  of the misconduct and it wasn't reversed on appeal, that as a

19  matter of law he says shows it wasn't retaliation.  In other

20  words, that they would have said that anyway.

21      MR. FLEMING:  Okay, let's say that's true.  Now

22  understand the First Amendment of the Constitution, regardless

23  of what this institution or that he's established, this alone

24  gives me the right to file a grievance -- file this affidavit.

25      You're allowed to file this affidavit.  What was the

1   grievance?  Let me see the grievance.

2           JUDGE BAXTER:  What was the grievance about?

3           MR. FLEMING:  I didn't file no grievance.  What

4   I'm saying --

5           JUDGE BAXTER:  What was the misconduct they

6   charged you with?

7           MR. FLEMING:  Refuse to obey an order, using

8   abusive, obscene or inappropriate language to an employee.

9   What I'm saying is for a minute I want to put this aside, and

10   saying under the First Amendment of the Constitution is that I

11   have a right to petition the government --

12           JUDGE BAXTER:  They didn't stop you from putting

13   that in.

14           MR. FLEMING:  No, they didn't stop me from putting

15   that in, that's my whole point.

16           JUDGE BAXTER:  They charged you with that, you say

17   in retaliation.

18           MR. FLEMING:  Yeah.

19           JUDGE BAXTER:  But his argument is that charge was

20   upheld.  You were found guilty and it was upheld.  So it

21   doesn't matter whether you had put this in or not.  If you did

22   that, they would have charged you with that anyway and you

23   would have been found guilty.

24       The point is, if you commit that violation it doesn't

25   matter why they charged you.

1        MR. FLEMING:  Right.

2        JUDGE BAXTER:  Other than if it's true or not.

3        MR. FLEMING:  Right.

4        JUDGE BAXTER:  Does that make sense?

5        MR. FLEMING:  Yeah.

6        JUDGE BAXTER:  So it doesn't -- I mean you had the

7   right to put this in (indicating).

8        MR. FLEMING:  Right.

9        JUDGE BAXTER:  But you didn't have the right to

10  commit that misconduct.  You see what they're saying?

11       MR. FLEMING:  I see what you're saying, yeah,

12  okay.

13       MR. MERICLI:  These are the two -- This is what,

14  according to what they say at this point.  And I could leave

15  the record open.

16       JUDGE BAXTER:  These are on the Albion ones?

17       MR. MERICLI:  These are on the Albion ones.

18       JUDGE BAXTER:  He just got a FAX.

19       MR. FLEMING:  What's that?

20       MR. MERICLI:  The only one he took any appellate

21  action on are the 5-14 one with Tiller, and the 5-20 one with

22  Weaver at Albion.

23       Here's the superintendent one on Weaver (indicating),

24  and here's the spitting on Tiller (indicating).

25       JUDGE BAXTER:  So you're saying all those four

1    have been procedurally defaulted?

2         MR. MERICLI:  Those two there (indicating).

3         JUDGE BAXTER:  Okay.

4         MR. MERICLI:  What I'm saying, the same rationale

5    that applies to Kreider, Allen and Wittel at Camp Hill,

6    applies to those two at Albion.  And it appears as well he

7    took no appeals on the remaining ones in Albion, so he

8    procedurally defaulted on the whole shebang.

9         MR. FLEMING:  Can I say something?

10        JUDGE BAXTER:  Yes.

11        MR. FLEMING:  I filed grievances about what they

12   did to me and I sent it all the way to Camp Hill.  I got the

13   copies.  All the way to Camp Hill on both them.

14        JUDGE BAXTER:  Which one?  5-14 and 5-20?

15        MR. FLEMING:  Yeah, on 5-14.  Now, any time that

16   you make a claim of an assault, the -- they put the 801 aside

17   and it's another -- it's a 001 abuse process that they take to

18   proceed through with that.

19        MR. MERICLI:  I'm not talking about the two

20   excessive force claims that you brought.  They're separate

21   things.  We're talking about the retaliatory misconducts.

22        JUDGE BAXTER:  Yes.

23        MR. MERICLI:  I have two separate arguments which

24   you heard before, sir, which you heard about your excessive

25   force arguments.  I'm not arguing that you procedurally

1    defaulted on your excessive force arguments.

2              MR. FLEMING:  What are you arguing?

3              MR. MERICLI:  I'm -- That you procedurally

4    defaulted on your retaliatory misconducts.

5              MR. FLEMING:  Give me the numbers.

6              JUDGE BAXTER:  The incidents are 5-14, 5-20, 8-2

7    and 8-23 you filed grievances.

8              MR. MERICLI:  Appeals from misconducts.

9              JUDGE BAXTER:  Excuse me, I'm sorry.  Two separate

10   things.  On both the misconduct on 5-14 and misconduct on 5-20

11   you appealed them to one level, but they say no appeal was

12   received to the highest level.

13             MR. FLEMING:  5-14 and 5-20.

14             JUDGE BAXTER:  Now as to 8-2 and 8-23, Davison and

15   Maldonado, on both those cases, and Kreider on the second

16   case, they say you didn't appeal the misconducts at all.

17             MR. FLEMING:  Oh.

18             JUDGE BAXTER:  So on those four they're arguing

19   the same as they did in Camp Hill.

20             MR. FLEMING:  All right.

21             JUDGE BAXTER:  That they are procedurally

22   defaulted.

23             MR. FLEMING:  All right.

24             JUDGE BAXTER:  Let me take a look.

25             MR. MERICLI:  You may keep those, your Honor.

1          JUDGE BAXTER:  All right, 5-14 you were found

2    guilty and then you appealed on the 141 form.  No new evidence

3    was given in appeal.  They sustained the misconduct and

4    sanctions.

5          MR. FLEMING:  All right.

6          JUDGE BAXTER:  From there you needed to go to Camp

7    Hill, all right.

8          MR. FLEMING:  So the one on 8-20, right, I got the

9    8-23 appeal right here.  Final review right here (indicating)

10   for the 8-23.  This is the 8-23 right here.  I sent it all the

11   way to Camp Hill.

12         JUDGE BAXTER:  Hold on, let me take a look because

13   that one we don't seem to have anything.

14         MR. FLEMING:  I got it right there, that's the

15   final review.

16         JUDGE BAXTER:  Let me see.  Let me see.  All

17   right.  That's the misconduct charge.

18         MR. FLEMING:  That's my version.  That's the

19   hearing examiner's results.

20         JUDGE BAXTER:  All right.  And were you found

21   guilty.

22         MR. FLEMING:  That's my appeal to the PRC.

23         JUDGE BAXTER:  Let's see if I have the right

24   number.  829, okay.  Yes, and appealed.

25         MR. FLEMING:  That's the PRC saying we received

1    that.   We received your appeal.

2              JUDGE BAXTER:   Okay.   Okay.

3              MR. FLEMING:   That's the results.

4              JUDGE BAXTER:   They affirmed it.

5              MR. FLEMING:   That's my appeal final review to

6    Camp Hill.

7              JUDGE BAXTER:   Final level.

8              MR. FLEMING:   And that's the appeal to the

9    superintendent.

10              JUDGE BAXTER:   All right, that one's done.

11              MR. MERICLI:   That's 8-23?

12              JUDGE BAXTER:   8-23.   Look, that's all the way up.

13              MR. FLEMING:   What's the other one?

14              MR. MERICLI:   If he has it.   They said they

15    couldn't locate it.

16              MR. FLEMING:   What's the other one?

17              JUDGE BAXTER:   8-2, 5-20 and 5-14.

18              MR. FLEMING:   8-2?

19              JUDGE BAXTER:   8-2, August 2nd, that's the cuff

20    key one apparently.

21              MR. MERICLI:   8-2 is the cuff key.

22              MR. FLEMING:   That's the one I think that I was

23    stopped, too.   Let me see.

24              JUDGE BAXTER:   This is --

25              MR. FLEMING:   All the way up.   Or is it 8-20?

1    It's 8-20.

2              JUDGE BAXTER:  The 8-20 is gone now.

3              MR. MERICLI:  It doesn't have a defendant.

4              JUDGE BAXTER:  It doesn't have a defendant.

5              MR. FLEMING:  Don't have no tapes either.

6              MR. MERICLI:  If you note, they do say that we

7    can't locate --

8              JUDGE BAXTER:  Okay, so they just didn't locate

9    it.  It's harder to find all these things than I thought.

10             MR. MERICLI:  Not if he's moved from place to

11   place and also if he's not there anymore.

12             MR. FLEMING:  Especially if I'm not getting what

13   I'm suppose to.

14             JUDGE BAXTER:  5-20 he received a misconduct.  It

15   was sustained.  Now we have to figure out if he went further.

16   Okay, let's start here.

17             MR. FLEMING:  Here you go, the 8-2 (indicating).

18             JUDGE BAXTER:  I want you to look at the two May

19   ones.

20             MR. FLEMING:  Here's the one right here

21   (indicating).  They said they got it right there and I --

22             JUDGE BAXTER:  But you never got a final --

23             MR. FLEMING:  I never got nothing.  I never got

24   nothing.

25             JUDGE BAXTER:  Now start looking for the May 14th

1    and the May 20th ones.  We have you going to the first appeal

2    but not the final.

3            MR. FLEMING:  May 14th and May 20th.  What they

4    say?  I never went to the final, too?

5            JUDGE BAXTER:  Yes.

6            MR. FLEMING:  Yes, I did, right here (indicating),

7    final review.  All them numbers was all the other ones I was

8    appealing, too.  See look, May 20th, 311185.  See that, 311185

9    (indicating).

10           JUDGE BAXTER:  Let's see.  Which one?

11           MR. FLEMING:  May 20th.

12           JUDGE BAXTER:  The May 14th?

13           MR. MERICLI:  A297398.

14           MR. FLEMING:  May 14th.  I think that's over

15   there.

16           JUDGE BAXTER:  Okay.

17           MR. FLEMING:  It's on here (indicating).  And

18   that's on there (indicating), too.  All of them is on there.

19   There you go.  I knew I was going to find it.  Misconduct

20   A297398.

21           CLERK:  May 14th.

22           MR. MERICLI:  Okay.

23           MR. FLEMING:  And May 20th.

24           JUDGE BAXTER:  297351 is May 20th.  297344.

25           MR. MERICLI:  That's not on --

1        JUDGE BAXTER:   31185 and 297367.

2        MR. MERICLI:   31185 is Captain Weaver's 5-20.

3        JUDGE BAXTER:   Okay.   That's not -- That's 5-20.

4   Here it says --

5        MR. MERICLI:   Could I see that just to see what it

6   is, and if I can tell if that's an issue.

7        MR. FLEMING:   Captain Weaver's.

8        MR. MERICLI:   No, it looks like -- All right, this

9   shows that he took through final review the 5-14, and the

10  5-20.

11       JUDGE BAXTER:   Okay.

12       MR. MERICLI:   Okay, he also has shown he's taken

13  through final review --

14       JUDGE BAXTER:   8-23.

15       MR. MERICLI:   8-23.   So the only one we can't tell

16  whether he's appealed at all is 8-2.

17       JUDGE BAXTER:   8-2.

18       MR. FLEMING:   That's the one --

19       MR. MERICLI:   So then my argument has changed to

20  the extent that it remains procedural default on Camp Hill,

21  but no procedural default on the three out of the four

22  Albion's.   And it's an open question on the fourth one, but it

23  looks like the odds favor him that he didn't procedurally

24  default.   I'm not sure, but I'm not going to make --

25       JUDGE BAXTER:   You're not going to fight on that?

1    MR. MERICLI:  I'm not going to make a fuss when he

2  shows me three out of four, the fact he procedurally defaulted

3  on Camp Hill but not on the Albion's.

4    JUDGE BAXTER:  Okay.

5    MR. MERICLI:  So what I'm arguing is, they're out

6  because they were never set aside.  Just under Carter versus

7  McGrady, which is what I started arguing in the first place.

8    And as far as the Camp Hill ones goes, not only does

9  that apply but he procedurally defaulted.

10    JUDGE BAXTER:  I understand your argument.

11    MR. MERICLI:  That's where we're at right now.

12    JUDGE BAXTER:  All right.  That's a legal

13  argument.  I'm going to take a look at the law to see if

14  that's good enough or not.  I'm also going to take a look at

15  his argument under the case that he gave me.

16    MR. FLEMING:  I don't even remember.

17    JUDGE BAXTER:  The Thomas case.

18    MR. MERICLI:  And also --

19    JUDGE BAXTER:  And we have to deal with Camp Hill

20  before they start driving at two o'clock.  All right, I'll

21  take a look at that first and make a ruling on that.

22    Do you have a copy of the Thomas case?

23    MR. FLEMING:  No, I ain't got that.

24    JUDGE BAXTER:  I'll make a copy for you.

25    MR. FLEMING:  I just want to say that -- Okay, so

1   you said the retaliation claim and this misconduct is

2   separate?

3          JUDGE BAXTER:  Well, he made two arguments.  The

4   retaliation claims, he said the ones in Albion were

5   procedurally defaulted.  He's now taken back on that, but he

6   said I should still dismiss them before we go to trial because

7   you were found guilty of all of them and none of them was

8   overturned on appeal, so therefore, you don't have -- it was

9   the argument I said to you before, you have the right to make

10  the grievance but you don't have a a right to commit the

11  misconduct.  That's his argument.

12         MR. FLEMING:  All right.

13         JUDGE BAXTER:  So I'm going to take a look at the

14  law now.

15         MR. FLEMING:  Okay.  Now my point is that the

16  grievances that I filed, right, contain -- He's making a

17  argument what is under the law that I can -- that I have a

18  right to do that without being retaliated on.

19         JUDGE BAXTER:  What I want to check -- I'll tell

20  you what, I want to check.  I want to see if you're being

21  found guilty the whole way up is enough or if I need testimony

22  that says I don't care that they filed a misconduct, I would

23  have charged him with this anyway because he did it.  I never

24  thought about the misconduct, I saw he did this and I charged

25  him.

1          MR. FLEMING:  Okay.

2          JUDGE BAXTER:  I have to see if I need that under

3    the law or if the fact that you were never overturned -- your

4    misconduct was never overturned is good enough.

5          MR. FLEMING:  Okay.

6          MR. MERICLI:  Do you need a copy of Carter versus

7    McGrady at all?

8          JUDGE BAXTER:  I'm sure I have that.

9          MR. MERICLI:  Okay, if not --

10          JUDGE BAXTER:  That's the case you're relying on?

11          MR. MERICLI:  Yes, Third Circuit case, and we can

12    have a copy made to Mr. Fleming.

13          MR. FLEMING:  He going to copy it now --

14          MR. MERICLI:  That's a different one.

15          MR. FLEMING:  That's a different one?

16          JUDGE BAXTER:  You're saying that answers that

17    question?

18          MR. MERICLI:  Yes, I think it does.

19          JUDGE BAXTER:  Okay.  And it's never been

20    overturned or reversed.  I also wanted to give you Mr.

21    Weaver's response in which he makes it clear that these are

22    the proper videotapes and he served the other ones.  So this

23    is in the nature of an affidavit that validates the entry of

24    these.  All right.

25          MR. FLEMING:  I don't think that's enough.  Man, I

1    need --

2         JUDGE BAXTER:  You're going to get a chance to

3    look at them, too.  Let me read something.  Just a second.

4         MR. FLEMING:  Okay.

5         JUDGE BAXTER:  I've seen this case a million

6    times, but I thought it simply said the burden shifts.

7         MR. MERICLI:  It does, but it can be met by a

8    presentation.  It's a summary judgment case and it can be met

9    by presentation of proof that he was convicted.

10        JUDGE BAXTER:  Okay.  Someone else -- Don't forget

11   your thought, but give me a minute.

12        MR. FLEMING:  All right.  This is a great time to

13   make a argument about -- when you had plenty of time --

14        JUDGE BAXTER:  Hold it.  Hold it.  It's waived.

15   That's your argument.

16        MR. FLEMING:  That he waived the exhaustion issues

17   because he never raised them in any motion prior to this.  And

18   you can look at them.

19        JUDGE BAXTER:  Okay.

20        MR. FLEMING:  And I'm saying we can proceed.

21        JUDGE BAXTER:  And I go crazy about that, saying

22   we need more information at each stage.  That's your defense,

23   but let me read this.

24        MR. FLEMING:  I can show you the law where it say

25   you must raise exhaustion at the earliest possible stage, if

1    not, dismissed.

2            JUDGE BAXTER:  Here's the language that Mr.

3    Mericli is relying on.  "Given the quantum of evidence of

4    Carter's misconduct we cannot say that the prison officials

5    decision to discipline him for his violations of prison policy

6    was not within the broad discretion that we must afford them.

7    Even if prison officials were motivated by animus to jailhouse

8    lawyers, Carter's offenses such as receiving stolen property

9    were so clear and overt that we can say that the disciplinary

10   action against Carter was retaliatory."

11           So, did they actually look at the evidence or did they

12   just look at the fact that it wasn't overturned?

13           MR. MERICLI:  They looked at the fact that it

14   wasn't overturned.  That's the way Judge Circone read it.

15           MR. FLEMING:  Can you read that --

16           MR. MERICLI:  There's no doubt he admits he spit

17   on the library window.

18           MR. FLEMING:  Do you have proof of that?

19           MR. MERICLI:  Your statement during the medical

20   examination.

21           MR. FLEMING:  I want to see that.  I want to see

22   that.

23           MR. MERICLI:  It's on tape.

24           MR. FLEMING:  I want to see that, to see the

25   proof.

1       CLERK:  Do you have this one (indicating)?

2       MR. FLEMING:  What's the summary judgment number,

3   Rule 50 --

4       JUDGE BAXTER:  This is Rule 50.  This is

5   different.

6       MR. FLEMING:  What I'm saying is this --

7       JUDGE BAXTER:  You have your book there.

8   MR. FLEMING:  Under the rule, right, it says exhaustion must

9   be raised at the earliest possible stage such as motion to

10  dismiss or motion for summary judgment.  If these issues are

11  not raised prior to that, that they are waived.

12      JUDGE BAXTER:  What about procedural default?

13  That's a little different.

14      MR. FLEMING:  I mean -- What's the different

15  between exhaustion and procedural default?

16      JUDGE BAXTER:  Exhaustion means you didn't take it

17  up.  Procedural default means you may have taken it up but it

18  may have been wrong or you didn't take it up.

19      MR. FLEMING:  I'm saying even if that's possible,

20  if you look at all of his pleadings it would not say a

21  procedural default or a failure to exhaust --

22      JUDGE BAXTER:  That's true, you had never brought

23  it up before.

24      MR. MERICLI:  That's true.

25      MR. FLEMING:  Never.

1          JUDGE BAXTER:  All right.  Do we have anything in

2    --

3          MR. FLEMING:  Can I run to the bathroom real

4    quick?

5          JUDGE BAXTER:  We sure can.  We'll go off the

6    record for a minute.

7              (At which time, 10:50 a.m., a recess was taken
                and proceedings resumed at 11:10 a.m.)
8

9          JUDGE BAXTER:  Go ahead.

10          MR. FLEMING:  I have a question about the hygienic

11    items and cleaning supplies.  When you said --

12          JUDGE BAXTER:  Judge McLaughlin disagreed with me,

13    he thought soap wasn't enough.

14          MR. FLEMING:  He thought that wasn't enough?

15          JUDGE BAXTER:  He threw that one out.

16          MR. FLEMING:  All right.

17          JUDGE BAXTER:  He went through my R and R, he

18    accepted some things and didn't accept others.  One he didn't

19    accept was the soap.  And one he didn't accept was my wanting

20    to dismiss the wicker count.  So you got that one back in, but

21    you lost this one.

22          MR. FLEMING:  All right.

23          JUDGE BAXTER:  All right.

24          MR. MERICLI:  If I may, one of the reasons why

25    there was yet another problem with the case was, you will --

1    you'll want to see -- If you wished, you could see they've an

2    elaborate affidavit about the soap situation.

3        We took off in that direction right away and in terms

4    of grievance, in terms of procedural default of the grievance

5    in terms of the soap and what kind of soap he had.  And they

6    completely --

7        JUDGE BAXTER:  Scrapped that.

8        MR. MERICLI:  Junked that and go in a different

9    direction.

10        JUDGE BAXTER:  So many problems with this case,

11    Mr. Fleming, that happen just time-wise.  If you look

12    at this, it's a thick docket sheet.  But when you go through,

13    at some point I -- I'm sure the circuit is going to do again.

14    It took us a year before we got people served and we were on

15    the road.  Then after that we lost you for awhile because you

16    got out, and then I thought the cause was going to be

17    dismissed for failure to prosecute.  And then you popped up.

18    But it's three years old in that record.

19        (Off-the-record discussion.)

20        CLERK:  We have a message from Cathy that said you

21    were waiting for this (indicating).

22        MR. MERICLI:  Yeah.

23        CLERK:  Two tapes were mailed on 10-4.

24        MR. MERICLI:  Yes.

25        CLERK:  Attempted delivery on 10-28 and the post

1    office left a notice.

2             MR. MERICLI:  Okay, thank you very much.

3             MR. FLEMING:  Nobody must have been home.

4             MR. MERICLI:  I guess that's it.  I just wanted

5    everybody to know what we did.

6             MR. FLEMING:  Sometime we -- the family be

7    shopping and going places, and we weren't home.

8             JUDGE BAXTER:  That had to be signed for, that's

9    what happened.

10            MR. FLEMING:  Yeah.

11            JUDGE BAXTER:  Where can we set these tapes up so

12   he can look at these?  I don't want him to sit and waste his

13   time while I consider the motions.  So I thought maybe you'd

14   want to look at those tapes as I'm considering the motion.  If

15   I want to go in and look at them I will come in.

16            MR. FLEMING:  I do, but that ain't even really --

17   I mean that's just some of what --

18            JUDGE BAXTER:  I know, it's some of the evidence.

19   But you wanted those two, so you should take a look at them.

20            MR. FLEMING:  I will look at them.

21            JUDGE BAXTER:  So you won't be wasting your time.

22   If you can contact your folks at Camp Hill and tell them don't

23   head out yet, but I'm probably not going to have a decision on

24   that until after the noon hour, after one.

25            MR. MERICLI:  That's fine.  They told me two

1     o'clock.

2          JUDGE BAXTER:  Tell them to make it three.

3          MR. MERICLI:   Okay.

4          MR. FLEMING:  I wanted to ask you something else.

5          JUDGE BAXTER:  Yes.

6          MR. FLEMING:  About the Rule 56, right, and the

7     Rule 55.  Anything dealing with exhaustion and procedural

8     default must be raised in early pleadings.

9          JUDGE BAXTER:  I know you've said you think he

10    waived that --

11         MR. FLEMING:  That's waived.

12         JUDGE BAXTER:  In fact, I have someone doing the

13    research.

14         MR. MERICLI:  I put that in my answer.

15         JUDGE BAXTER:  The case where that came out is

16    actually a new case, it's called Spruill.  The Spruill case

17    was the first time the Third Circuit ever put a procedural

18    default component in a civil rights case.  We used to do that

19    in habeas but not here.  I am not clear -- And in habeas,

20    procedural default can come out any time.

21         MR. FLEMING:  In habeas, yeah.

22         JUDGE BAXTER:  I wanted to see if Spruill or any

23    cases after it said --

24         MR. FLEMING:  All right.

25         JUDGE BAXTER:  -- That there was a waiver time.

1        MR. FLEMING:  All right.

2        JUDGE BAXTER:  I don't know if there's an answer

3   to that, because Spruill is pretty new.  It's what?  Two years

4   old.  So there may not be an answer to that or there may be an

5   answer.  I know that's your argument but I don't know.  I have

6   to check and see what cases have come up after.  I don't have

7   that encyclopedia mind where I can remember every one.

8        MR. MERICLI:  In view of the fact that a motion to

9   dismiss wasn't decided until last April and wasn't finalized

10  until last May, and I filed a motion for summary judgment

11  instead of answer after the summary judgment was denied

12  without prejudice, it was only then that I found an answer and

13  I did raise it in affirmative defenses to the answer.

14       JUDGE BAXTER:  To the answer.  All right.

15       MR. MERICLI:  And I had been ordered -- As you

16  recall, the prison litigation format does not require me to

17  file an answer until you order me.

18       JUDGE BAXTER:  And you pointed that out in one of

19  your pleadings.  I have to tell you, I went and looked that

20  up.  That just blew me away, because it's in our standard

21  service order, so I never -- It never was part of my focus.

22  So it's constantly out there in the standard order, but at

23  this stage it was never anything that was on my radar screen.

24       So I looked at the -- And you're right, and I did, it

25  has to be required.  That's just so that you don't have extra

1   work, but we're at the stage where that would be the obvious

2   thing to do.

3          MR. MERICLI:  I consider it's an obnoxious rule

4   and I don't use it.

5          JUDGE BAXTER:  I appreciate it.

6          MR. MERICLI:  Early on Congress was worried about

7   frivolous, time consuming litigation.

8          JUDGE BAXTER:  Yes, sir.

9          MR. FLEMING:  That's it for me.

10         JUDGE BAXTER:  Okay, do you have my 9-2 order

11   here?

12         CLERK:  9-2 of this year?  Yeah.

13         JUDGE BAXTER:  All right, we will get back

14   together at 1:30, that gives you two hours.

15         (At which time, 11:30 a.m., a recess was taken
            and proceedings resumed at 1:40 p.m.)

16

17         JUDGE BAXTER:  All right, we're back on the

18   record, I have considered the Rule 50 motion by defendants for

19   judgment for defendants at this time, and I am going to deny

20   the motion.  I am going to deny the motion specifically

21   because the Rule 50 requirements -- The Rule 50 does not apply

22   to non-jury trials, and I could not find any support that we

23   could do that in a non-jury trial in the same way that a

24   directed verdict does in the way that we know directed

25   verdicts.

1    It is -- The decision is made without any prejudice to

2    you to make a motion under Rule 52(c), a judgment on partial

3    findings, which is appropriate in a non-jury trial at the

4    close of the evidence of plaintiff's case.

5    All right, the reasoning on that is that Rule 50 also

6    wants to give the plaintiff an opportunity to present

7    evidence, as you know, and the evidence that you presented to

8    me this morning has to go through the trial requirements.

9    It's not being presented on a 56 style motion, on a summary

10    judgment style motion.

11    So we'll proceed on all counts that are left in the

12    case tomorrow morning as planned.  But Mr. Mericli has the

13    opportunity after you have presented your case, if he wishes

14    to renew his motion under Rule 52(c) saying there's no use

15    going ahead, he didn't do what he was suppose to do to prove

16    it, you can decide now.

17    MR. FLEMING:  I'll do that right now.

18    JUDGE BAXTER:  At any rate, we are going ahead

19    tomorrow, and his motion is denied at this time.

20    MR. MERICLI:  Thank you, your Honor.

21    JUDGE BAXTER:  I couldn't find anything.  If you

22    find anything -- Because Rule 50 also applies through trial,

23    that it's something that can be done on a bench trial.  I'll

24    leave that to you.

25    MR. MERICLI:  Well, I'd be more than happy, your

1    Honor, at this point if there's no way to file a legal motion

2    to forestall the trial, if there's absolutely no manner in

3    which that can be made, I'd be more than happy to wait until

4    the close of the evidence in the bench trial.

5            JUDGE BAXTER:  Okay.

6            MR. MERICLI:  And I can renew the motion.

7            JUDGE BAXTER:  I can't think of anything.  I mean

8    52(c) requires full hearing of the non-moving party.  Directed

9    verdicts aren't available, of course, to non-jury.  And 50 is

10   directed towards jury trials.

11           MR. MERICLI:  That's -- When I filed it, it was

12   still a jury trial.

13           JUDGE BAXTER:  Certainly.  So let's put our

14   thinking caps on.  I can't think of any.  That's up to you.

15           MR. MERICLI:  Neither can I.

16           JUDGE BAXTER:  All right.

17           MR. MERICLI:  The only way I could think about it

18   was to make a motion for a judgment on the pleadings at this

19   point.

20           JUDGE BAXTER:  In the same manner as a summary

21   judgment.  I suppose it wouldn't be a judgment on the

22   pleadings though because you've given me evidence, you've

23   shown me evidence that things weren't exhausted, and judgment

24   on the pleadings wouldn't include that stuff.

25           The summary judgment would, but at this point evidence

1    is treated -- When we're going to trial, it's an evidentiary

2    review, differently than an evidentiary review of a summary

3    judgment.  So I think it's too late for that as well.

4              MR. MERICLI:  Very good, your Honor, thank you.

5              JUDGE BAXTER:  All right, so let's talk about

6    tomorrow.  Mr. Mericli has been in cases where the opposing

7    party has represented himself or herself before, so he knows

8    that I give you some discussion about how we're doing things

9    and how we're doing, and I review what's left in the case as

10   we did this morning.  But I'll go over it again to make sure

11   we're on the same pathway, something I wouldn't do if you had

12   an attorney here.

13        I have to walk a fine line.  I'm not allowed to

14   practice on your behalf, so if I ever get close to that, Mr.

15   Mericli will jump up and down and tell me so.  And I'm

16   counting on him to tell me so.  All right?

17             MR. FLEMING:  All right.

18             MR. MERICLI:  Thank you, your Honor.

19             JUDGE BAXTER:  The trial process is

20   straightforward.  You've brought the complaint, you're the man

21   complaining, so you go first.  And you have to prove the two

22   counts.

23        You have to prove, number one, that excessive force

24   under the Constitution was used against you and the

25   requirements of that.  And secondly, you have to prove that

1  you were retaliated against in violation of the United States

2  Constitution by frivolous misconducts being given against you

3  for no reason, and in retaliation for your exercising your

4  First Amendment rights.

5       You can do that either through testimonial evidence or

6  through documents, through documentary evidence.  Testimonial

7  evidence can be by you testifying or by others testifying

8  where you ask questions.  When you're testifying it's hard to

9  ask yourself questions and answer them.  It looks kind of

10 strange.  So the way we do it, if you're testifying, you take

11 the stand and you --

12      MR. FLEMING:  Tell my evidence.

13      JUDGE BAXTER:  -- Present your story.  Anything

14 you say in that presentation can be questioned on

15 cross-examination by the defense counsel.  Anything that any

16 witnesses you call say, can likewise be questioned on

17 cross-examination.

18      MR. FLEMING:  I can call witnesses on -- If I want

19 to direct a witness over there, I can call him up, right?

20      JUDGE BAXTER:  Yes, you can call any witness that

21 is in the courtroom.  You can call a defendant to the stand

22 and say you want to question the defendant.

23      How it works when you're questioning a defendant, if

24 you believe that the person you're questioning is a hostile

25 witness, you can ask the Court for permission to ask leading

1  questions.  If not, when you're presenting your case, you

2  cannot ask leading questions like, isn't it true that --

3          MR. FLEMING:  Yeah.

4          JUDGE BAXTER:  You have to ask questions like,

5  what happened?

6          MR. FLEMING:  The impeach -- And by the

7  impeachment on prior inconsistent statements.

8          JUDGE BAXTER:  You can do that.

9          MR. FLEMING:  On cross or direct.

10          JUDGE BAXTER:  You can ask permission to treat the

11  witness as a hostile witness, and if it's granted, you can

12  impeach.  You can always impeach the credibility of a witness.

13  It's typically you don't impeach the credibility of a witness

14  that's testifying on your behalf.

15          MR. FLEMING:  Right.

16          JUDGE BAXTER:  So if you call one of the

17  defendants, obviously they're not testifying on your behalf,

18  and you can obviously try to impeach their testimony.

19          MR. MERICLI:  If it will make things simpler, your

20  Honor, I will allow him to call any of my defendants as if on

21  cross-examination.

22          JUDGE BAXTER:  Okay, that's been stipulated to.

23  We're done.

24          MR. FLEMING:  All right.

25          MR. MERICLI:  The only other point I wanted to

1    make because I think it's appropriate, is that Mr. Davison

2    took a medical retirement from the DFC, so we don't have any

3    --

4              JUDGE BAXTER:  All right, he's from Albion.

5              MR. MERICLI:  He's not going to be there.  He was

6    a named defendant.  However, he was involved in the 8-23, the

7    August 23rd gate kicking incident, which I think the best

8    evidence, so to speak, is the video.  And he was also involved

9    in the handcuff key for which there is no video.   But in both

10   of the incidents, both 8-23 the kicking of the gate and the

11   handcuff key, Corrections Officer Maldonado, who was the

12   person also there --

13             JUDGE BAXTER:  He was also there?

14             MR. MERICLI:  He was also there, will be present.

15             JUDGE BAXTER:  We don't know where he is?

16             MR. MERICLI:  We don't know where he is.

17             JUDGE BAXTER:  This happens sometimes, once

18   they're out of the system, they quit or retire, these guys

19   just don't keep track of them.  It drives me nuts.  It's not

20   your fault.

21             MR. MERICLI:  I could probably find him through

22   the state retirement --

23             MR. FLEMING:  That's cool.

24             JUDGE BAXTER:  If you win, a judgment will be

25   entered against him, whether or not he's here.

1    MR. FLEMING:  That's cool.  I mean, that's cool.

2    The rest of them going to be there?

3    MR. MERICLI:  Yes.

4    MR. FLEMING:  All right, we can stipulate on that.

5    JUDGE BAXTER:  And Maldonado will be there.

6    MR. FLEMING:  And he faces it as if he was there?

7    MR. MERICLI:  Absolutely.

8    JUDGE BAXTER:  Yes.

9    MR. FLEMING:  This is the thing --

10   MR. MERICLI:  It's at his risk.

11   MR. FLEMING:  Now, I mean it's a video of this

12   incident about the key --

13   JUDGE BAXTER:  You can present that as evidence if

14   you want the Court to see it --

15   MR. FLEMING:  But they have don't have it.

16   JUDGE BAXTER:  -- Of that --

17   MR. FLEMING:  But they don't have it.

18   MR. MERICLI:  You'll have to cross-examine Captain

19   Weaver.

20   JUDGE BAXTER:  Yes, you'll cross-examine Captain

21   Weaver.

22   MR. FLEMING:  How can I approach that?

23   JUDGE BAXTER:  You have people telling you before

24   trial that there were not cameras in that section, number one.

25   If you're talking about the wicker incident --

1    MR. FLEMING:  Right.

2    JUDGE BAXTER:  -- They say there aren't cameras.

3  You're saying there are, so you have to try to get testimony

4  supporting your statement.

5    MR. FLEMING:  All right.

6    JUDGE BAXTER:  And your testimony will be given

7  and I'll decide whose testimony to believe on that.  But

8  there's no way you can get a videotape that's not there.

9    MR. FLEMING:  That's right.  That's true.

10    JUDGE BAXTER:  So we can't --

11    MR. FLEMING:  Basically, I'm going to have to use

12  my cross-examining and my direct skills --

13    JUDGE BAXTER:  That's right.  You'll have to tell

14  your story.  And likely they'll tell a different story about

15  what happened, and you'll have to cross-examine.

16    MR. FLEMING:  Now about these affidavits I got, I

17  got some sworn affidavits.

18    JUDGE BAXTER:  From?

19    MR. FLEMING:  From --

20    JUDGE BAXTER:  People who saw it?

21    MR. FLEMING:  Defendants.

22    JUDGE BAXTER:  From defendants?

23    MR. FLEMING:  But maybe one or two of them got

24  dropped.  Can I still use them?

25    JUDGE BAXTER:  You can use anything that was used

1    under oath to impeach -- You know, anything that was said,

2    that he said at another time to impeach.  But if you use an

3    affidavit from someone who's not there and you said, this

4    person said this, are you denying that?  That's not an

5    impeachment.  You're asking them a direct question.

6             MR. FLEMING:  He can make --

7             JUDGE BAXTER:  He can't make any objection on

8    that.

9             MR. FLEMING:  All right.

10            JUDGE BAXTER:  You have the rules of evidence in

11   front of you.  Any of those objections can be made by either

12   of you.  But I can't tell you how best to impeach a witness.

13   You can bring up any document you have if they have a sworn

14   statement that they've said, that's prior inconsistent

15   statements.

16            MR. FLEMING:  All right, now about this discovery

17   that --

18            JUDGE BAXTER:  Now documents, you understand you

19   have to authenticate documents unless Mr. Mericli will agree

20   that they are authenticated.  Before we get there --

21            MR. FLEMING:  I'd like to make a motion.

22            JUDGE BAXTER:  -- I'd like to talk about that now.

23   Why don't you tell me what sorts of evidence you're planning

24   to present?  We don't do surprises in the Federal Court.  We

25   know what we're coming in with before we come in.

1          MR. FLEMING:  All right, I'm going to present --

2          JUDGE BAXTER:  I also won't allow interruptions.

3    When it's your turn to question, the only interruptions he can

4    make are objections, and they're ruled upon, and then you can

5    continue.  Same when he's examining a witness.  If you

6    disagree with it, no antics, no, oh, that's not right.  You

7    wait until it's your turn to examine the witness, all right?

8          MR. FLEMING:  All right.  I'm going to present --

9          JUDGE BAXTER:  I understand you're going to

10   present your testimony, you're going to take the stand?

11         MR. FLEMING:  And as I'm doing it I'm going to lay

12   out my exhibits.

13         JUDGE BAXTER:  And the only --

14         MR. FLEMING:  All of them.

15         JUDGE BAXTER:  The only other witnesses you're

16   going to present are defendants?

17         MR. FLEMING:  See, I had put in some subpoenas but

18   I don't know if they --

19         JUDGE BAXTER:  If they're going to show up?

20         MR. FLEMING:  I don't know.  We start tomorrow,

21   and I don't know if you're aware of any of it, I wanted to

22   subpoena the medical -- the other medical examiner that said

23   he examined me, that he said he don't got no tape.

24   MR. MERICLI:  His name is Physicians Assistant Telega.

25         MR. FLEMING:  He's going to be there?

1    MR. MERICLI:  Yes.

2    MR. FLEMING:  That's cool then.  What else?  What

3    about Lieutenant Jones?

4    MR. MERICLI:  Lieutenant Jones is not going to be

5    there.  He's not a named defendant.  He has his report, which

6    is part of Weaver's interrogatories and verified by an

7    affidavit.  I was going to introduce them.  There's a federal

8    rule of evidence that allows the best report to be introduced.

9    MR. FLEMING:  This is the original, this is the

10    complaint -- Who I got to show this to?

11    JUDGE BAXTER:  You're going to introduce a

12    complaint as an exhibit on the record?  You don't

13    need to do that.

14    MR. FLEMING:  Okay.  I'll take this --

15    JUDGE BAXTER:  As a general rule, evidence are

16    facts that you are trying to prove, not allegations that you

17    made.  The complaint is allegations.  There's a difference

18    between what you allege happen and facts that will support

19    those allegations.

20    MR. FLEMING:  Yeah.

21    MR. MERICLI:  If I may, in light of our experience

22    in the past, I have marked all the affidavits as exhibits that

23    -- and answers to the interrogatories, coupled with them, that

24    I provided to Mr. Fleming.  So if he wanted to use any of

25    those things we could go through --

1          JUDGE BAXTER:  If it's a verified complaint, I

2   suppose -- He's going to testify anyway.  I don't think I need

3   to go through that.

4          MR. MERICLI:  I just wanted to tell you that I --

5          JUDGE BAXTER:  All of those are going in as

6   exhibits?

7          MR. MERICLI:  Exhibit "A" is the first tape, "B"

8   is the second tape.  And I will specifically kindly request

9   the Court to keep custody of these.

10          JUDGE BAXTER:  Yes, I'm going to.

11          MR. MERICLI:  And I can formally move them in.

12          JUDGE BAXTER:  He's seen them now.

13          MR. MERICLI:  Or he can formally move them in.

14          JUDGE BAXTER:  All right.  But they're

15   appropriately marked as Defendant's Exhibit.

16          MR. MERICLI:  These are the misconducts

17   (indicating).  We know now that they were all appropriately

18   appealed.

19          JUDGE BAXTER:  Okay.

20          MR. MERICLI:  These are all the misconducts.  He

21   did not procedurally default on them.

22          JUDGE BAXTER:  Okay.

23          MR. MERICLI:  They were Albion.

24          JUDGE BAXTER:  Okay.

25          MR. MERICLI:  They're marked as Exhibit "C", and

1    he has those.  If he wants another copy, he can have these.

2         MR. FLEMING:  That's all right.

3         JUDGE BAXTER:  One of the things he's already

4    marked, that means you both agree on them.

5         MR. MERICLI:  Here's the medical -- Here are the

6    medical records (indicating) --

7         JUDGE BAXTER:  Okay.

8         MR. MERICLI:  -- From Nurse Klos and from

9    Physicians Assistant Telega.

10         JUDGE BAXTER:  He has a copy of those already?

11         MR. MERICLI:  He should.

12         MR. FLEMING:  Through -- I don't know.  Let me see

13    that.  Here, you take this (indicating).

14         JUDGE BAXTER:  That one is yours.

15         MR. MERICLI:  That would be Exhibit "D".

16         JUDGE BAXTER:  He's going to put these into

17    evidence.

18         MR. MERICLI:  This is Weaver's grand affidavit

19    with all the exhibits (indicating).  That would be --

20         JUDGE BAXTER:  I looked at that already.

21         MR. MERICLI:  No, you looked at the second one

22    which verifies the tapes and says there are no further tapes.

23    So, this is Weaver's "E".  And that one is Weaver's "F".

24         JUDGE BAXTER:  Okay.

25         MR. MERICLI:  Which you already have.  And Kreider

1   and Tiller and Allen are "G", "H" and "I".

2              JUDGE BAXTER:   Those were part of discovery?

3              MR. MERICLI:   These were all verified

4   interrogatories, with exhibits attached.

5              JUDGE BAXTER:   Okay.

6              MR. MERICLI:   So in effect, they all constitute

7   affidavits.  If this were summary judgment, there's specific

8   law if they were --

9              JUDGE BAXTER:   They would be truthful, but when we

10  get to court we need to have --

11             MR. MERICLI:   Yes.

12             JUDGE BAXTER:   You're not trying to put those in

13  instead of their testimony?

14             MR. MERICLI:   No.  In some instances I might.

15             JUDGE BAXTER:   Okay.

16             MR. MERICLI:   Because in addition to their

17  testimony, because of the federal rule of evidence that I have

18  information on -- And I can show you, if you'll excuse me.

19             JUDGE BAXTER:   He has a right to cross-examine.

20  He can't --

21             MR. MERICLI:   I'm bringing them all, with the

22  exception of Davison.  So they're all there.  As a practical

23  matter everybody is going to be available for

24  cross-examination.

25             JUDGE BAXTER:   Instead of entering them he may

1   bring the evidence.

2        MR. MERICLI:  He may use the affidavits to

3   cross-examine them.

4        MR. FLEMING:  I believe I may make the most of the

5   discovery thing because he's not giving me what I need, and I

6   cannot do nothing if I don't have that.

7        MR. MERICLI:  If we could postpone that until

8   we're done.

9        MR. FLEMING:  No, there ain't no postponing, man.

10       MR. MERICLI:  Not forever -- This is something I

11  drew up years ago.

12       JUDGE BAXTER:  Okay.

13       MR. MERICLI:  And it's on Rule 8038, and it talks

14  about essentially people with a duty to make investigative

15  reports, who investigate and do things, their reports are

16  admissible.

17       JUDGE BAXTER:  If they're verified.

18       MR. MERICLI:  For the truth of the matters

19  asserted, if they're verified and if it's not a criminal case.

20       JUDGE BAXTER:  Okay.

21       MR. MERICLI:  So in other words, in our kind of

22  cases there is actually a relaxation on hearsay for their

23  records.  So I don't think it really amounts to a great deal,

24  because with the exception of a few people that haven't,

25  defendants like Jones, it's up to him anyway.  All these

1    people are going to testify and their recollections are

2    largely bound by what they wrote down in the first place

3    anyway.

4              JUDGE BAXTER:  It's actually better for the

5    plaintiff when he's examining because he already has what

6    they're saying and testifying to.

7              MR. MERICLI:  Correct.  What I'm saying is he

8    probably doesn't trust me and he probably shouldn't, but the

9    fact is, if he wants --

10             JUDGE BAXTER:  I won't respond to that.

11             MR. MERICLI:  I think he should.

12             JUDGE BAXTER:  I understand.

13             MR. MERICLI:  As a member of the bar, but I can't

14   --

15             JUDGE BAXTER:  You can't make him.

16             MR. MERICLI:  I can't make him, and I don't blame

17   him if he doesn't.  And he's just lived a different life than

18   I have.  The fact is, he may -- I don't see why he wouldn't

19   want these things to use for cross-examination.

20             JUDGE BAXTER:  What he's offering to give you are

21   the affidavits that they have used as part of their

22   interrogatories, verifying their interrogatories and other

23   investigative tools.  By having those itself is testimony of

24   these defendants, they've already given in front of you to

25   which they've sworn, you can use those when you examine,

1  cross-examine them for inconsistent statements or however you

2  wish to use them.

3      What he's saying is he's offering those to you if you

4  want to use those.

5      MR. FLEMING:  I just want to show you this letter

6  you sent me where you said, all right, I was asking for a

7  second set, he sent me Weaver's second set of Albion.  Then he

8  said, Allen, Kreider -- Yeah, Allen, Kreider and Wittel will

9  be on the way as soon as he get them back to him.  And then I

10  asked him here today and he said he changed his mind, I'm not

11  accepting them.

12      JUDGE BAXTER:  Because he only has to give you one

13  set and you were responsible to keep those.

14      MR. MERICLI:  I told him two things.  First to be

15  practical, as of last Thursday when I was in the office for

16  the last time as I came up here to Albion to try to get this

17  all straightened up, Wittel, Allen and Kreider hadn't given me

18  back their second set because they didn't even take it that

19  seriously, because they thought it was redundant of their

20  first set.

21      Secondly -- So, I don't even have them.  Secondly,

22  they're going to be here now, so that's that.  And thirdly,

23  they've already given a set of interrogatories, and Mr.

24  Fleming has not, in our private discussions, has not told me

25  this is just about that one little situation where he was

1  banging on the cell door and they gave him a misconduct, which

2  I've already said and argued he procedurally defaults.  Unlike

3  the Albion misconduct, the Camp Hill misconduct he

4  procedurally defaulted.  He already answered interrogatories

5  on that.

6       I don't know what more there can be.  We've turned in

7  all the misconduct, complete through the appeals process.

8  They've answered questions on it.

9            JUDGE BAXTER:  And they're there for you --

10           MR. MERICLI:  There's not much to it.

11           JUDGE BAXTER:  If you hit a brick wall, and it's

12  because it's something you didn't know, that you didn't ask,

13  then we'll talk about that.  Before you go on, do you need to

14  contact the people at --

15           MR. MERICLI:  I told them three o'clock.

16           JUDGE BAXTER:  Because if you want to tell them

17  come on up.  Now since I, you know, I'll give you a few

18  minutes and we'll come back to that.  I just thought about it.

19  We'll take a few minutes.

20           MR. MERICLI:  And I also told him when we were

21  talking and I also said that I did write that in the letter.

22  He's right, I wrote that in the letter first.  I haven't

23  gotten them back.  But I told him I changed my mind, you don't

24  need them anyway because if you look at your letter of August

25  31st, you said discovery was closed except for the mailing of

1    tapes and verification of was there any other things --

2              JUDGE BAXTER:  That's true.

3              MR. MERICLI:  So I mean, I apologize to the extent

4    that I said that, but I don't really see it as a major -- As

5    any underhanded kind of thing that I've done to seriously

6    disturb his rights.  After all, they've been interrogated and

7    sworn on these present points.          JUDGE BAXTER:  All

8    right.

9              MR. MERICLI:  If you'll excuse me.

10             JUDGE BAXTER:  We'll go off the record here.

11             (At which time, 2:05 p.m., a recess was taken
               and proceedings resumed at 3:00 p.m.)

12

13             MR. FLEMING:  We're making some progress here.

14             MR. MERICLI:  What we understand is that in fact

15   it turned out to be more or less the case that the second set

16   of interrogatories requested by Mr. Fleming of Kreider, Wittel

17   and Allen from SCI Camp Hill are in fact supplemental of what

18   was already given to him, and that as a result, he's

19   satisfied.

20        There was a little bit of -- He was inquiring after

21   some extra detail about who was where and what.  But basically

22   there isn't a lot of difference, so as a result he seems

23   satisfied and that issue is no longer here.

24             JUDGE BAXTER:  Not on the table.

25             MR. MERICLI:  The other thing is, we were talking

1    about what pieces of evidence we would want to put in, and I

2    told him -- and I think Frank was also -- Mr. Fogel was

3    thinking about this a little bit earlier, I would be happy to

4    move into evidence not only tapes "A" and "B", but the

5    affidavits.

6            JUDGE BAXTER:  All of those things.

7            MR. MERICLI:  Of the misconducts themselves, the

8    medical records themselves and everybody's interrogatories

9    that he's requested.  And then they could be Exhibits "A"

10   through "I".  And they would be fully -- If he's not --

11   doesn't have a problem with that, they could be worked that

12   way.

13           MR. FLEMING:  I don't want to mix mine.

14           MR. MERICLI:  But he also said -- and this is

15   where we left off -- he has a couple pieces of evidence that

16   are unique to his case and he showed me one of them.

17           JUDGE BAXTER:  That's fine.  He can use his unique

18   evidence and mark them himself, and we'll see if you have any

19   objections.  But my concern right now is you can use any

20   exhibit he puts in, but do you have an objection to those

21   being placed into evidence?

22           MR. FLEMING:  If he going to show me them, right?

23           JUDGE BAXTER:  Yes, you have them.  Actually,

24   you've already seen them all.

25           MR. FLEMING:  Well, once I look over his and see

1    if they all the same, I don't got no objections.

2              MR. MERICLI:  Sure.

3              JUDGE BAXTER:  That's a good start.

4              MR. FLEMING:  I have no objections.

5              JUDGE BAXTER:  What do you have that's not part of

6    his stuff?

7              MR. FLEMING:  You got that request?

8              MR. MERICLI:  No, you have it.

9              MR. FLEMING:  Do you have a copy of it?

10             MR. MERICLI:  I don't have it.

11             MR. FLEMING:  Do I got to give him a copy of it?

12             JUDGE BAXTER:  Yes, you have to give me a copy and

13   you have to have one and show him.

14             MR. MERICLI:  He showed it to me.

15             JUDGE BAXTER:  Have you seen it?  Do you have a

16   problem with that being placed into evidence?

17             MR. MERICLI:  No.

18             JUDGE BAXTER:  Do you want to see it now, see if

19   he's changed it?

20             MR. MERICLI:  He hasn't changed it.  This is a

21   document of inmates to staff that he wrote --

22             JUDGE BAXTER:  You gave it to him as part of

23   discovery?

24             MR. FLEMING:  No, I kept it.

25             MR. MERICLI:  It's his originally.  If you feel --

1    On the back it feels as if the pen point pressed on the back.

2            JUDGE BAXTER:  That's not a copy?

3            MR. MERICLI:  That happens to be the original.  I

4    would like a photocopy if I could have one.

5            MR. FLEMING:  Sure.

6            MR. MERICLI:  The point is, as I understand it and

7    I'm not advocating it, but he's -- his point is that it shows

8    he notified the unit manager who had a supervisory

9    relationship to Kreider, Allen and Wittel of the fact that he

10   was a complaining witness in Colbert's assault.

11           JUDGE BAXTER:  All right, can we stipulate to that

12   as well then to be placed in evidence?

13           MR. MERICLI:  I think it's authentic.  I don't

14   think it's been doctored or anything.

15           JUDGE BAXTER:  We'll mark that as Plaintiff

16   Exhibit 1.

17           MR. FLEMING:  Oh, number 1, because I had them

18   numbered already.

19           JUDGE BAXTER:  That's fine.

20           MR. FLEMING:  That's number 8.

21           JUDGE BAXTER:  All right, we'll use stickers when

22   we get into the courtroom.  All right, what else do you have?

23

24           MR. FLEMING:  I got everything in order.

25           JUDGE BAXTER:  We weren't -- Go back to the

1   beginning and let's see what you've got.

2           MR. MERICLI:  Could I have a photocopy of Exhibit

3   8?

4           JUDGE BAXTER:  Yes.

5           MR. FLEMING:  Exhibit 1 I got the misconduct by

6   Captain Weaver for lying to staff.

7           MR. MERICLI:  That's all part of Weaver's -- First

8   there are two things, that's part of Valerie Bloom's affidavit

9   as a records keeper as to the misconduct itself and his

10  initial response.  And the whole thing is also duplicated in

11  Weaver's grand affidavit.

12          JUDGE BAXTER:  The reason he's mentioning this  is

13  you can use that document.

14          MR. FLEMING:  For me?

15          JUDGE BAXTER:  Exactly.

16          MR. FLEMING:  I'm using it for me.

17          JUDGE BAXTER:  But if it's already placed into

18  evidence with a number on it or letter for him, then you don't

19  have to make copies and you can use his, and you can show me

20  his and it's still considered as evidence.  It doesn't matter

21  who it comes from it from, it's still evidence.

22          MR. FLEMING:  It says the same thing?  How am I

23  going to know?

24          JUDGE BAXTER:  You can use it, but you don't have

25  to mark it separately because it's already in evidence.

1        MR. FLEMING:  You're saying I don't got to put a

2   number on it?

3        JUDGE BAXTER:  You don't have to because he's

4   willing to mark his first and he has copies.

5        MR. FLEMING:  All right.

6        MR. MERICLI:  I'm sure I have a copy.

7        JUDGE BAXTER:  He has a copy.

8        MR. FLEMING:  That's my first one.

9        JUDGE BAXTER:  All of the stuff having to do with

10   the --

11        MR. MERICLI:  The lying --

12        MR. FLEMING:  That said I lied.

13        MR. MERICLI:  The 5-20-02 misconduct.

14        JUDGE BAXTER:  All right, the 5-20-02 misconduct.

15        MR. MERICLI:  Written by Captain Weaver.

16        MR. FLEMING:  I've got the two grievances that I

17   filed on the staff denied me medical treatment.

18        JUDGE BAXTER:  What is the date?

19        MR. FLEMING:  5-15.

20        JUDGE BAXTER:  That's the 5-14?

21        MR. FLEMING:  Yeah, 5-14 incident, but I filed

22   them on --

23        JUDGE BAXTER:  The next day.

24        MR. FLEMING:  The other grievance I got, this is

25   it right here (indicating).  This is the other one.

1          JUDGE BAXTER:  All right.

2          MR. FLEMING:  These are the two that I'm --

3          JUDGE BAXTER:  All right, you don't have those

4    marked, Mr. Mericli?

5          MR. MERICLI:  No.

6          JUDGE BAXTER:  Okay.

7          MR. MERICLI:  They're referred to in Weaver's

8    report.

9          JUDGE BAXTER:  See the one he has there is a xerox

10   copy.  Let Mr. Mericli see that to determine whether or not he

11   wants to object to this.

12         MR. MERICLI:  I gave you that in answer to the

13   affidavits, right?

14         MR. FLEMING:  No, that's it right there

15   (indicating).

16         MR. MERICLI:  Captain Weaver's interrogatories.

17   Yeah, this is part of Weaver's -- part of Weaver's

18   interrogatories.  I have it already.

19         JUDGE BAXTER:  He's not objecting to anything.

20         CLERK:  There were two of them?

21         MR. FLEMING:  There were two of them.

22         MR. MERICLI:  That's a request to staff.  I don't

23   know if I saw that.

24         MR. FLEMING:  That's the one --

25         JUDGE BAXTER:  We're trying to forestall any

1    objections and slowing up trial tomorrow.

2                MR. FLEMING:  All right.

3                MR. MERICLI:  No objections.

4                JUDGE BAXTER:  All right, keep going.

5                MR. FLEMING:  I got medical --

6                JUDGE BAXTER:  Let me say, Mr. Mericli, if he

7    wants to duplicate exhibits, I'm not going to argue with him.

8                MR. MERICLI:  Okay.

9                JUDGE BAXTER:  It may not be the smoothest way but

10   if that's how he's got it organized I don't want to mess him

11   up.

12               MR. FLEMING:  I have these medical ones about what

13   I was claiming that happened to me.

14               JUDGE BAXTER:  All right, show all that to Mr.

15   Mericli.  These are all going to be part of one exhibit?

16               MR. FLEMING:  Yeah.

17               JUDGE BAXTER:  Exhibit 2?

18               MR. FLEMING:  Yeah.  That there on top signed and

19   dated.

20               JUDGE BAXTER:  This is to show what?

21               MR. FLEMING:  To show that they didn't never give

22   me any medical treatment.

23               JUDGE BAXTER:  Remember we talked about that's not

24   a remaining claim.

25               MR. FLEMING:  This is to show --

1          JUDGE BAXTER:  You were injured greatly.

2          MR. FLEMING:  I was injured greatly, that I'm not

3    just saying --

4          JUDGE BAXTER:  That you weren't.

5          MR. MERICLI:  I understand.  I know about this.

6          JUDGE BAXTER:  All right.  That makes sense.

7          MR. FLEMING:  All right, then I got --

8          JUDGE BAXTER:  No objections on that.  Excellent.

9          MR. MERICLI:  Have we numbered these?

10         JUDGE BAXTER:  I'm going to send them off to my

11   courtroom deputy when we're done and have them numbered.  I

12   guess we will number them Exhibit 3-A, "B", "C", "D" if that's

13   how you want to do it.

14         MR. FLEMING:  That's what it said on the order.

15         JUDGE BAXTER:  All right.

16         MR. FLEMING:  This one here (indicating) is

17   misconduct for destroying, altering or tampering or damaging

18   property.

19         MR. MERICLI:  I have that.  Again, that's one

20   that's in the Valerie Bloom and it's also --

21         (Off-the-record discussion.)

22         MR. MERICLI:  I have it.  That's the 8-2 one that

23   Maldonado and Davison wrote on you?

24         MR. FLEMING:  Yes.

25         JUDGE BAXTER:  All right.  No objections?

1    MR. MERICLI:  No objection.

2    MR. FLEMING:  This is the one with the assault

3 when was going out in the yard, in the morning yard.

4    MR. MERICLI:  Is that 8-23?

5    MR. FLEMING:  8-23, yeah.

6    MR. MERICLI:  That's Maldonado and Davison.  I

7 have that, too.

8    JUDGE BAXTER:  Anything else?

9    MR. FLEMING:  Yes.

10    JUDGE BAXTER:  It's all the same stuff.

11    MR. FLEMING:  I got a couple more.  This is the

12 affidavit that I filed --

13    JUDGE BAXTER:  You filed with the Court.

14    MR. FLEMING:  These are the other defendants now.

15 These are Albion's (indicating), these are Camp Hill

16 (indicating).

17    JUDGE BAXTER:  All right.  Why don't you show that

18 --

19    MR. MERICLI:  I've never seen that before, so if I

20 could have that -- This is the affidavit filed for Colbert.

21    MR. FLEMING:  Also signed by me and Colbert at the

22 bottom.

23    MR. MERICLI:  All right.  I've never seen that

24 before.

25    JUDGE BAXTER:  We'll make a copy of Exhibit 5.

1        MR. FLEMING:  Six (indicating).

2        JUDGE BAXTER:  Exhibit 6 and 8; is that right?

3        MR. MERICLI:  That's correct.

4        MR. FLEMING:  Then I got the refusing obeying

5  order misconduct.

6        MR. MERICLI:  Is that from Camp Hill?

7        MR. FLEMING:  Yeah.

8        MR. MERICLI:  That's part of Allen's and --

9        JUDGE BAXTER:  All right, it looks like it is,

10  because that's the yellow.

11        MR. MERICLI:  It's part of Allen's and Wittel's.

12        JUDGE BAXTER:  Okay.  The reason I don't want to

13  mess him up is because I don't want to be accused of messing

14  up his order.

15        MR. MERICLI:  That's fine.

16        MR. FLEMING:  I ain't going to treat you like

17  that.

18        JUDGE BAXTER:  That's number 8 we talked about?

19        MR. FLEMING:  Yeah.

20        JUDGE BAXTER:  We have to make a copy of 6 and 8.

21  Now what's 9?

22        MR. FLEMING:  This is the policy, the DC-ADM-001

23  --

24        JUDGE BAXTER:  What's the first page?

25        MR. FLEMING:  That's notes that I wrote.

1          JUDGE BAXTER:  You're not putting that --

2          MR. FLEMING:  Not this here (indicating), just

3     that (indicating).

4          JUDGE BAXTER:  The policy.

5          MR. FLEMING:  The DC-ADM-001 abuse allegation

6          MR. MERICLI:  No objection.

7          JUDGE BAXTER:  No objection.  No copies needed.

8     Excellent.

9          MR. FLEMING:  That's it.

10          JUDGE BAXTER:  Excellent.  Give 6 and 8 to Frank

11     and we'll make copies and you can put them back into the slot

12     so we don't lose that.

13          MR. MERICLI:  I can show you what I have, too.

14          JUDGE BAXTER:  Okay.

15          MR. MERICLI:  And we will see if we can get that

16     wrapped up.

17          JUDGE BAXTER:  Excellent.  That's going faster

18     than I expected.

19          MR. MERICLI:  I believe I gave you a copy of the

20     Valerie Bloom affidavit.

21          MR. FLEMING:  Yeah.

22          JUDGE BAXTER:  Do you still have that?

23          MR. FLEMING:  I don't need that.

24          JUDGE BAXTER:  Let me find that before we move on.

25          MR. MERICLI:  I can find it.  I can get you

1  another one.

2          JUDGE BAXTER:  This file is already a nightmare

3          MR. MERICLI:  It has a blue sticker.

4          JUDGE BAXTER:  This (indicating)?

5          MR. MERICLI:  That's not it.

6          JUDGE BAXTER:  Hold on.

7          MR. FLEMING:  I sat it over there (indicating).  I

8  sat it over there earlier.  Remember, you gave it to me.

9          MR. MERICLI:  Let me see if I have it.

10         JUDGE BAXTER:  All right, we'll find it.

11         MR. FLEMING:  Oh, I forgot these tapes, I'm going

12  to have to use them.

13         JUDGE BAXTER:  You ended up on 9.

14         MR. FLEMING:  Yeah.

15         JUDGE BAXTER:  These will be 10 and 11 for you,

16  and "A" and "B" for him.

17         MR. MERICLI:  I'm sorry, I had it all along.

18  Here's "C".

19         JUDGE BAXTER:  Okay.

20         MR. MERICLI:  All the misconducts from Albion.  As

21  you know now --

22         JUDGE BAXTER:  Yes.

23         MR. MERICLI:  -- You have the actual copies, each

24  one of these things was appealed through final review.

25         JUDGE BAXTER:  Okay.  So you have total copies of

1    all of that now.

2              MR. MERICLI:  That's correct.

3              JUDGE BAXTER:  That would be "C"?

4              MR. MERICLI:  "C".

5              JUDGE BAXTER:  Do you see these?  What he's

6    showing is all of the Albion up through final review, and

7    there are copies of what you have.  All right.

8              MR. MERICLI:  I don't have the final review

9    because you have it.

10             JUDGE BAXTER:  I have it, that he gave me.

11             MR. MERICLI:  And I would move these in along with

12   "A" and "B", this will be "C".

13             JUDGE BAXTER:  He gave me that.

14             MR. MERICLI:  They came on the FAX today.  All

15   right.

16             MR. MERICLI:  That's all been part of the record.

17             JUDGE BAXTER:  You may want to put them with "C"

18   just for your own purposes.  Okay, I'm missing the 10th page

19   that went through the FAX as numbered at the top.  Anyone see

20   it anywhere?  This will go with "C" (indicating).

21             MR. MERICLI:  It was FAX'ed by my office.

22             JUDGE BAXTER:  I'm looking at the numbers and I

23   have them from three.  I don't actually have two either.

24   Frank, I'm looking at what was FAX'ed today, that he gave me

25   from the office, this comes in at one, so two is missing and

1   number 10.   Let me look here.   Look in your pile.

2            MR. FLEMING:   We have final review in my stuff.

3            MR. MERICLI:   We established that the --

4            JUDGE BAXTER:   We established the one, but you're

5   not complaining?

6            MR. MERICLI:   I'm not complaining.   And the other

7   one you understand is a different situation which is Camp

8   Hill.

9            JUDGE BAXTER:   Here's one (indicating), here's two

10  (indicating).   All right "C" will be this, and when you get

11  this together.

12           MR. MERICLI:   And "D" is Gail Kelly, these are the

13  medical records.

14           JUDGE BAXTER:   And Mr. Fleming has seen them and

15  no problem.

16       Mr. Fleming, I want to show what you he's marking as

17  "D".   Those are the medical records.   Those are accurate?

18           MR. FLEMING:   Yeah.

19           JUDGE BAXTER:   So I know you won't object to

20  those.

21           MR. MERICLI:   Those will be "A", "B", "C" and "D".

22           CLERK:   Is there a cover page --

23           MR. MERICLI:   There were two cover sheets.

24  There's one (indicating) and there was another one.   There's

25  one from Cathy saying we could locate --

1      CLERK:   These are the ones and these are sick call

2   requests and medical documents?

3      MR. MERICLI:   That's "D".

4      (Off-the-record discussion.)

5      MR. MERICLI:   There's actually nothing missing.

6   So "D" is the medical records from Gail Kelly.

7      JUDGE BAXTER:   All right put that with "C".   See

8   that, Mr. Fleming, he's putting that together.   You know what

9   that is.

10      MR. MERICLI:   It demonstrates --

11      JUDGE BAXTER:   What was requested of us today

12      MR. MERICLI:   Final review, the ones at Albion

13   only.   This is the medical records that you saw before.

14      JUDGE BAXTER:   "A", "B", "C" and "D".   We're done.

15

16      MR. MERICLI:   "E" is Captain Weaver's, which I

17   call a grand affidavit.   It has everything in it, a lot of the

18   misconducts, Weaver's investigative report, Jones's --

19      JUDGE BAXTER:   The interrogatories.

20      MR. MERICLI:   There's a report from Jones, Eddy,

21   Sullivan, Tiller.

22      JUDGE BAXTER:   This is your affidavit.   Then the

23   things he answered in his interrogatories that you swore to.

24      MR. FLEMING:   I got it.   See, I'm cool.   All my

25   stuff I got.

1          JUDGE BAXTER:  You're okay with this, you're not

2    objecting?

3          MR. FLEMING:  No, that's all cool, all right.

4       CLERK:  I want you to understand when he's going to

5    refer to them in court, he's going to have them stapled

6    together.  I know you have those documents, but would it be to

7    your advantage to have a copy so you could follow along with

8    them --

9          JUDGE BAXTER:  Mr. Mericli will give him a copy

10   tomorrow in court.

11         MR. MERICLI:  He doesn't want them.

12         JUDGE BAXTER:  He doesn't want them?

13         MR. MERICLI:  But I'll have everything here.

14         JUDGE BAXTER:  Before Mrs. Wallen gets started on

15   marking your exhibits, do you see how, for instance, with "C"

16   he has connected them all together with a clip so we have all

17   these pages as "C".  Shall we connect those with a clip so

18   that -- or do you want me to mark each one, C-1, C-2, C-3?  We

19   could do that.  It would be more work for Mrs.  Wallen.  Do

20   you want to make her happy or not?

21         MR. FLEMING:  What?  You going to connect these.

22         JUDGE BAXTER:  Yours.  You have multiple page

23   exhibits for one.  Can we connect them with a clip and not

24   mark each page?

25         MR. FLEMING:  Yeah.

1    JUDGE BAXTER:  Let's do that.

2    MR. MERICLI:  This is Weaver's verification

3    affidavit that says he couldn't find -- I gave you one of

4    these in the mail but you may want one again.  This is where

5    he says he's checked, that these are the only tapes that

6    exist.

7    JUDGE BAXTER:  It's his request?

8    MR. FLEMING:  Yeah.

9    MR. MERICLI:  Yes.  And the other cameras don't

10   work in the library.  And all those other things we discussed

11   in answer to interrogatories.

12   JUDGE BAXTER:  Affidavits, okay.  You'll probably

13   use this tomorrow I suspect?

14   MR. FLEMING:  Yeah.

15   MR. MERICLI:  All right, I'm down to the end here.

16   MR. FLEMING:  When you get down to the two

17   grievances in there, there's medical records in there, you

18   could put like on the two grievances mark the number and then

19   put 1-A.

20   MR. MERICLI:  Krieder's answers from the

21   affidavit, from the Camp Hill misconduct.

22   JUDGE BAXTER:  I've got it.

23   MR. MERICLI:  Exhibit "G".

24   JUDGE BAXTER:  Your requests, his answers and then

25   he verifies it.

1        MR. MERICLI:  Here's Allen's (indicating), which

2   is Exhibit "H".  It's Allen's.

3        JUDGE BAXTER:  Same type of stuff?

4        MR. MERICLI:  Exactly the same in every way.

5        JUDGE BAXTER:  All right.  Mr. Allen exactly the

6   same.

7        MR. MERICLI:  Then Wittel's is -- it's different

8   in the sense that it doesn't have anything attached, he just

9   cross references to the other two guys.

10        JUDGE BAXTER:  His answers to the same questions.

11        MR. MERICLI:  And no attachments.

12        JUDGE BAXTER:  And no attachments.  And he has --

13        MR. MERICLI:  An affidavit.

14        JUDGE BAXTER:  An affidavit and swears that's

15   true.  Okay.  Then the last thing here is -- That's it.  Oh,

16   there's Mr. Tiller's from the Albion.  That would be "J", and

17   he has his answers, he has his misconduct and his report about

18   the kicking which are also part of Weaver's as well.

19        MR. MERICLI:  So that's Mr. Tiller's.

20        JUDGE BAXTER:  All right.

21        MR. MERICLI:  And along with Tiller's own answers

22   --

23        JUDGE BAXTER:  The importance of this is there

24   hasn't been any depositions in this case, so these

25   interrogatories are the only basis he can use that to

1    cross-examine people.  And that goes here, "J".

2        So here we have "A" through "J".  You are allowed to

3    use those, because those are evidence to the Court.  You are

4    allowed the use those.  If you want to take one of those out,

5    you can say, didn't you say this.

6        MR. FLEMING:  Whatever, I can't use on my

7    cross-examination.  I can use the tape --

8        JUDGE BAXTER:  You can.  You can use anything that

9    he's using as evidence.

10       MR. MERICLI:  I'd like to move these formally into

11   evidence, in the absence of an objection.

12       JUDGE BAXTER:  There's no objection to any of

13   those?

14       MR. FLEMING:  No.

15       JUDGE BAXTER:  All right.  Those are -- The motion

16   is granted and those will be moved into evidence.  Why don't

17   you do the same, make a formal motion of Exhibits 1 through 11

18   be moved?

19       MR. FLEMING:  All right, I'll motion that Exhibits

20   1 through 11 be moved into evidence.

21       MR. MERICLI:  No objections.

22       JUDGE BAXTER:  All right, Plaintiff's 1 through 11

23   will be admitted into evidence.  Excellent.  All right, thank

24   you.  All right, if something comes up tomorrow and there's

25   something else you want to use, a document you found tonight

1   that you want to use it, doesn't mean it's foreclosed, but if

2   you could tell me about it before trial it would be a good

3   idea.

4               MR. MERICLI:  There's a minor point I'd like to

5   clarify here.

6               JUDGE BAXTER:  All right.

7               MR. MERICLI:  That is I filed a set of proposed

8   stipulations in this case.

9               JUDGE BAXTER:  I have those.

10              MR. MERICLI:  There are some mistake that need to

11  be corrected.

12              JUDGE BAXTER:  Did you get a copy of that, Mr.

13  Fleming?  It was just last week.

14              MR. FLEMING:  I thought I could come here and do

15  mine.

16              JUDGE BAXTER:  Did you get a copy of this?

17              MR. FLEMING:  I didn't get none of that.  When did

18  you send that out?

19              JUDGE BAXTER:  10-13.  You wouldn't have got it.

20              MR. MERICLI:  No, it just says that this is the

21  first -- the corrections --

22              JUDGE BAXTER:  I'm going to interrupt.  There are

23  only three pages.  We'll go off the record and why don't you

24  take a read.

25              (Off-the-record discussion.)

1       MR. MERICLI:  They need to be corrected.

2       MR. FLEMING:  Yeah, I agree with number one.

3       MR. MERICLI:  Number one says that he filed a

4  civil rights complaint in federal court complaining about

5  prison conditions at Albion, and I agree it is a

6  Constitutionally protected activity.

7       JUDGE BAXTER:  And I agree.

8       MR. FLEMING:  Albion and Camp Hill, too.

9       MR. MERICLI:  If you --

10       JUDGE BAXTER:  Hold on.

11       MR. MERICLI:  It's a Constitutionally protected

12  written activity.

13       JUDGE BAXTER:  It is written in there, and I agree

14  it is --

15       MR. FLEMING:  If Camp Hill on there, too, I agree.

16       MR. MERICLI:  It doesn't matter technically, but

17  if we're talking about the retaliation claim, that it comes

18  from a time when there wasn't anything at Camp Hill -- See,

19  what I mean?  I'm just trying to be technical.  It doesn't

20  matter.

21       JUDGE BAXTER:  He's talking about the retaliation

22  claim and that's only with Albion.

23       MR. FLEMING:  Yeah, I filed it with them but I

24  filed it with Camp Hill.

25       JUDGE BAXTER:  Not a retaliation claim.

1          MR. FLEMING:  Yes, I did.

2          MR. MERICLI:  It's a retaliatory misconduct claim

3     at Camp Hill.

4          MR. FLEMING:  No.

5          MR. MERICLI:  But what makes -- The thing that

6     makes it a retaliatory misconduct at Camp Hill is he filed a

7     complaint complaining about prison conditions at Albion.

8          JUDGE BAXTER:  You say you will not stipulate to

9     this unless it says SCI Camp Hill also?

10         MR. FLEMING:  Because I filed an affidavit, also.

11         MR. MERICLI:  I'm just trying to be technical.

12    Point one of the retaliation test under Rausern -v- Horn, I

13    agree he was following a Constitutionally protected activity.

14    I've described it.

15         MR. FLEMING:  If you put Camp Hill --

16         JUDGE BAXTER:  Let me try to explain it to you.

17    In a retaliatory claim you have to prove three things.  The

18    first one is that you had a Constitutionally protected

19    activity you were doing.  He is agreeing to that element.  You

20    don't have to prove that element.  And the reason it says SCI

21    Albion is your complaint said that the retaliation that

22    happened to you in Camp Hill occurred because of what you

23    filed at SCI Albion.

24         That's what your claim says.

25         MR. FLEMING:  Yeah, yeah, yeah, yeah.

1    JUDGE BAXTER:  That's why only SCI Albion is

2  written in here.  And if we write in SCI Camp Hill, that will

3  not take care of the first one because that's adding something

4  that's not in that count.

5    MR. FLEMING:  He's saying I didn't make no First

6  Amendment claim at --

7    JUDGE BAXTER:  No.  What he's saying is your

8  retaliatory claim is that you were retaliated against at Camp

9  Hill for the Constitutionally protected activity you engaged

10  in at Albion.

11    MR. FLEMING:  That's true.

12    JUDGE BAXTER:  That's why it's written like that.

13  So this one sentence will take care of element one of your

14  retaliation claim.

15    MR. FLEMING:  Yeah.

16    JUDGE BAXTER:  Do you agree to that?

17    MR. FLEMING:  Yeah.

18    MR. MERICLI:  Number two is to take off the table

19  the second element of the retaliation claim.  That says when a

20  corrections officer gave Mr. Fleming a misconduct that was

21  false, for the sole purpose of retaliating against him for

22  having filed a civil rights suit.  Which, of course, I do not

23  admit they did, but the allegation is in fact adequate if

24  proven to support the second prong.

25    JUDGE BAXTER:  That's the second prong.  He's

1  saying that an act of a corrections officer in giving an

2  inmate a false misconduct is an adverse action.  That's the

3  second thing you have to prove in the sense it would deter a

4  person from pursuing a Constitutionally protected activity.

5  That's the second thing you have to prove and he's stipulating

6  that's correct and you should, too.

7         MR. FLEMING:  Yeah.

8         JUDGE BAXTER:  All right.  It's the third prong

9  that he will not agree to that you will have to prove

10  tomorrow, and that third prong is --

11         MR. MERICLI:  I have here he was charged and

12  convicted of prison misconduct.  In each instance, detailed in

13  the report recommendation, that in fact he was in fact

14  convicted in each instance.  Not whether or not they were

15  true, but in fact he was convicted.

16         JUDGE BAXTER:  All right.

17         MR. MERICLI:  The problem now is they're twofold.

18  At subsection (b) it should say both Sergeant Tiller and

19  Corrections Officer Sullivan.  That was a mistake, a

20  typographical error, that he's lying about Tiller kicked him

21  --

22         JUDGE BAXTER:  Officer who?

23         MR. MERICLI:  Sullivan.

24         JUDGE BAXTER:  And Correction Officer Sullivan,

25  okay.

1          MR. MERICLI:  The other problem is "C" and "E" do

2    not refer to named defendants, which I did not know at the

3    time I did the stipulation.

4          MR. FLEMING:  Who are they?

5          MR. MERICLI:  Well "E" was Sergeant -- "C" was

6    Sergeant Yurco and "E" was a guy named Mr. Vroman.  And

7    they're both gone.

8          JUDGE BAXTER:  They're both gone.

9          MR. FLEMING:  Yeah.

10          MR. MERICLI:  "C" and "E" are out of the picture.

11          MR. FLEMING:  What's the one you just --

12          JUDGE BAXTER:  Vroman.

13          MR. MERICLI:  Yurco.

14          MR. FLEMING:  The third one.

15          JUDGE BAXTER:  I have to fix this.

16          MR. FLEMING:  All right.

17          JUDGE BAXTER:  So when you read it, you decide if

18    you agree to it when he's done, so "C" and "D" --

19          MR. MERICLI:  We now know that number four is

20    wrong, that in fact -- Well, no, he has -- Number four is

21    correct.  He has never succeeded in getting any of these

22    misconducts reversed through the administrative appeal system.

23          JUDGE BAXTER:  Let's look at three first.  Okay,

24    what he's saying, Mr. Fleming was charged with prison

25    misconduct.  In each instance detailed in the report the

1  recommendation regarding defendant's motion to dismiss and

2  those are "A", 5-19 --

3         CLERK:  Isn't that 14?

4         MR. MERICLI:  Yes.

5         JUDGE BAXTER:  All right.  All right, that's

6  5-14-02, threatening an employee with bodily harm, using

7  abusive, obscene or inappropriate language to an employee,

8  refusing to obey an order.  This was at SCI Albion.    "B",

9  5-20-02, lying to an employee, false grievance that Sergeant

10  Tiller and Corrections Officer Sullivan -- that should be,

11  have assaulted him twice.  I can't read that --

12         MR. FLEMING:  Escorting --

13         JUDGE BAXTER:  Escorting to the law library at SCI

14  Albion.  This one is 8-2-02, destroying -- damaging state

15  property, SCI Albion.

16         MR. MERICLI:  That's Davison and Maldonado and the

17  handcuff key.

18         JUDGE BAXTER:  So, 8-23-02, assault, refusing to

19  obey an order, kicking the gate shut on CO Davison's hand.

20  And that was SCI Albion.  And 8-11-03, refusing to obey an

21  order, using abusive language to employee, SCI Camp Hill.

22  He's asking to stipulate that those things were misconducts

23  that you were charged with.

24         MR. FLEMING:  But I can't stipulate on them

25  because my defense was saying these misconducts are in

1    retaliation.

2           MR. MERICLI:  Well, if you didn't get them and you

3    weren't convicted of them, then you definitely are out of

4    court.  Then there weren't any adverse consequences.

5           JUDGE BAXTER:  Here's what you're stipulating to,

6    you were charged and convicted -- You're not agreeing they

7    were right, but you were charged and convicted of these

8    things.

9           MR. MERICLI:  That's the basis of your complaint.

10          MR. FLEMING:  Yeah, stipulation.

11          JUDGE BAXTER:  So we don't have to go through all

12    that in court.  The next one --

13          MR. MERICLI:  Simply they've never been reversed

14    on appeal.

15          JUDGE BAXTER:  In other words, you have never been

16    successful in getting any of these misconducts reversed

17    through the administrative appeal system, through the

18    Pennsylvania Department of Corrections.

19          MR. FLEMING:  No.

20          JUDGE BAXTER:  So you agree to that sentence?

21          MR. FLEMING:  Yeah, I stipulate.

22          JUDGE BAXTER:  Next one, any change in five?

23          MR. MERICLI:  I just say there's no medical proof

24    that Mr. Fleming was physically injured on May 15th, 2002 when

25    Sergeant Tiller kicked him in his right ankle.  And this

1    should say CO Sullivan slammed his right wrist in a cell door

2    slot on August 23, 2002.  And when he says CO Davison shut a

3    gate on his right elbow.

4              JUDGE BAXTER:  All right.  Where is CO Sullivan

5    going?

6              MR. MERICLI:  He goes in after and before slammed

7    --

8              JUDGE BAXTER:  Okay.

9              MR. MERICLI:  I'm simply saying there's no medical

10   proof to support your claim were you injured.

11             JUDGE BAXTER:  Do you have any medical proof?

12             MR. FLEMING:  I got them tapes.  I'm not going to

13   stipulate.

14             JUDGE BAXTER:  You have tapes?

15             MR. FLEMING:  I have tapes.

16             JUDGE BAXTER:  And you're going to have testimony.

17   But he's saying any medical records.  Do you want to put

18   medical records --

19             MR. FLEMING:  I got medical records.

20             JUDGE BAXTER:  So you refuse to stipulate to

21   number five?

22             MR. FLEMING:  I'm not going to stipulate to that,

23   I got medical records.  Now --

24             MR. MERICLI:  Six is a piece of law.  I don't

25   really want to make an issue out of it if the Court doesn't --

1    It's a matter for the report.

2         JUDGE BAXTER:  Mr. Fleming cannot --

3         MR. FLEMING:  No.

4         JUDGE BAXTER:  I have to offer it to you.  You

5    disagree?

6         MR. FLEMING:  Another thing about the questions

7    before that, right --

8         JUDGE BAXTER:  Go ahead.  I took it out.

9         MR. FLEMING:  See, that's my whole issue right

10   there.  But you probably say it ain't got nothing to do with

11   it.  They never gave me medical treatment.  That's my whole

12   argument.

13        JUDGE BAXTER:  That you would have medical proof

14   if they gave you the treatment?

15        MR. FLEMING:  Right.

16        JUDGE BAXTER:  That's a good point.

17        MR. MERICLI:  That's fine.  Six is a matter of

18   law.

19        JUDGE BAXTER:  So we'll --

20        MR. MERICLI:  You can decide, your Honor, what you

21   think is correct.

22        JUDGE BAXTER:  If the facts go in his favor, all

23   right.

24        MR. MERICLI:  The other one is the factual and

25   legal issues in dispute, and that really isn't -- that was my

1     statement.   There are a few -- One and two are what we argued

2     about this morning, the legal issues, and the factual issues I

3     think are all very cleanly stated.   With the exception that

4     number two should say Sullivan instead of Tiller.

5                 JUDGE BAXTER:   Where is this?

6                 MR. MERICLI:   Page two, Roman numeral two.   It

7     should say Sullivan.

8                 MR. FLEMING:   Can I have one?

9                 MR. MERICLI:   Sure.

10                 JUDGE BAXTER:   Hold on.   Let me take a look.

11     Actually, I want you to have a copy.   Where is it instead of

12     Tiller it should say --

13                 MR. MERICLI:   Sullivan.

14                 JUDGE BAXTER:   All right.   I'd like to make a copy

15     of this, Frank.

16                 MR. FLEMING:   So what is --

17                 JUDGE BAXTER:   I'll explain this to you in one

18     second.   I'll get you a copy.   We're going to go through this.

19     If you all agree on this, then it will keep you focused

20     tomorrow.   This is what you have to prove.

21                 MR. MERICLI:   I tried to write it cleanly.

22                 JUDGE BAXTER:   I told you you have two claims.

23     One is retaliation.   Retaliation has three parts.   The first

24     two parts you stipulated to.   So all you have to prove is the

25     third part.   And you can look at that in this document.   And

1    that is that there's no connection --

2              MR. FLEMING:  Casual --

3              JUDGE BAXTER:  Causal connection between the --

4              MR. FLEMING:  Yes, all right.

5              JUDGE BAXTER:  So you stipulated to the first two.

6              MR. MERICLI:  Yeah.

7              MR. FLEMING:  We agree on that.  All I got to do

8    is the third one.

9              JUDGE BAXTER:  That's right.

10             MR. MERICLI:  I also have another, if I may, with

11   your Honor's permission?

12             JUDGE BAXTER:  All right.

13             MR. MERICLI:  If you make out a basic case of

14   retaliation, then the burden shifts to me and I have an

15   opportunity to prove that regardless of whether or not they

16   had a retaliatory attitude towards you or any personal dislike

17   or malice toward you, because of what you did you still would

18   have gotten the misconduct, and that's my burden and I have to

19   prove that.

20             JUDGE BAXTER:  That comes afterwards.

21             MR. MERICLI:  That's my escape hatch.

22             JUDGE BAXTER:  If you a causal connection between

23   the retaliation and --

24             MR. FLEMING:  The adverse action.

25             JUDGE BAXTER:  Yes, the adverse action like it was

1    the next day, whatever, then it turns to him.  And if he

2    proves that he would have given you the misconduct anyway

3    because it was -- I don't know, for any reason.  Because it

4    was conduct they always file people for, then --

5            MR. FLEMING:  I can definitely do that.

6            JUDGE BAXTER:  All right, let's

7    take a look at these.  The first claim, he's starting out with

8    excessive force.  This is what the excessive force law tells

9    us.

10           MR. FLEMING:  I got it.  You sent me one of them.

11           MR. MERICLI:  The first two issues are the exact

12   issues we talked about this morning, and they were in the Rule

13   50 brief.

14           JUDGE BAXTER:  I didn't rule on either of those

15   because of the timing.

16           MR. FLEMING:  What's the date on that?

17           MR. MERICLI:  It just came on the 12th.

18           JUDGE BAXTER:  Just look at the legal issues here.

19           MR. FLEMING:  All right.

20           JUDGE BAXTER:  Now, this is written in the form of

21   a defendant.  So, for you the issue would sound a little

22   different.  How you're going to ask it in your own mind is,

23   have I shown sufficient facts to say I was kicked in one of my

24   ankles by a guard and that another guard --

25           MR. MERICLI:  The same has to be --

1      JUDGE BAXTER:  -- That another guard shut a cell

2   door slot on one of my wrists, in two separate instances on

3   the same day.  And another day, another guard hit my elbow

4   with the yard gate.  But he does not allege -- And that I was

5   injured.

6      So you have to put on evidence to show me that you were

7   in fact kicked in the ankle, that you were in fact -- your

8   wrist was in fact slammed by a cell door slot, and you were

9   hit in the elbow with a yard gate, and you suffered injuries.

10      MR. FLEMING:  I can do this through the

11   procedures.

12      JUDGE BAXTER:  This is what you have to show me.

13      MR. FLEMING:  Through the proceedings.

14      JUDGE BAXTER:  I want to you understand what you

15   have to show me, so if you keep that in mind as you go through

16   your case, you can keep focus where we're going.  You have to

17   show me those three things.

18      You're charging that you were kicked in the ankle, one

19   ankle, you had one of your wrists slammed in the cell door

20   slot, and were you hit in the elbow with the yard gate.  You

21   have to put evidence forward that they happened.  You can't

22   just tell me, you have to put evidence forward.

23      If that means your testimony, the videotape, whatever

24   you use, all right?

25      MR. FLEMING:  What was the third one?

1          JUDGE BAXTER:  The elbow with the yard gate.  See

2     it?

3          MR. FLEMING:  Kicked in the ankle, had the door

4     shut on my wrist and hit in the elbow.  So these are the three

5     I have to show.

6          MR. FLEMING:  Then you have to show injury, that

7     you were really hurt.

8          MR. FLEMING:  Let me -- That's the part --

9          JUDGE BAXTER:  That's the tough part.

10          MR. FLEMING:  What if I can show I was never

11     treated for my injury, would be to show anything.  See, it's

12     hard for me to show injury when I can show that I was never

13     given --

14          JUDGE BAXTER:  In some of these cases you have the

15     tape, and in some you do not.  And you have your testimony,

16     and you can ask questions of other witnesses, what did my

17     wrist look like?  Those sorts of things, you understand?

18          MR. FLEMING:  All right.

19          JUDGE BAXTER:  That's the way you get that

20     evidence in, if you don't have a medical -- You can make the

21     argument to me.  I understand the argument you're making, I

22     would produce evidence if someone would have seen me --

23          MR. FLEMING:  Yeah.

24          JUDGE BAXTER:  I understand.

25          MR. FLEMING:  So that's the third one?

1          JUDGE BAXTER:  You can make that argument, but it
2   doesn't produce the evidence you need.
3          MR. FLEMING:  Is that the third prong or just the
4   legal --
5          JUDGE BAXTER:  Those are the things you have to
6   show for excessive force.
7          MR. FLEMING:  All right.
8          JUDGE BAXTER:  In other words, if there's
9   excessive force and you're not hurt, it's not a case.
10          MR. FLEMING:  All right.  Like I said --
11          JUDGE BAXTER:  If you're hurt but it wasn't
12   excessive force, it's not a case.  You have to show force and
13   you have to show injury.
14          MR. FLEMING:  All right.  Like I said, I can show
15   the force but -- And I can show that they -- I never -- They
16   never even checked me out to see if I had a injury.
17          JUDGE BAXTER:  But you're claiming you had an
18   injury, so you have to bring me something.  Even if it's your
19   testimony.
20          MR. FLEMING:  I can bring something to the table
21   that I was injured and I can show.  But like I said, I can
22   establish they never treated me for my claims.
23          JUDGE BAXTER:  You have to understand this is a
24   Constitutional violation, Mr. Fleming.  Like this with your
25   hand and the guy did it, and you come in here with a

1    Constitutional violation, I'm going to come in here and say,

2    hello, that's going to happen to you all the time, you're not

3    going to get money from the government from that guy doing

4    that, even if he was mad when he did it.  You understand?

5              MR. FLEMING:  Yeah.

6              JUDGE BAXTER:  The reason the law is there is to

7    make sure they're not beating your butt in their custody.  You

8    understand what I'm saying?

9              MR. FLEMING:  So I can pull them tapes up and

10   everything?

11             JUDGE BAXTER:  You can use whatever evidence you

12   want.

13             MR. FLEMING:  All right.

14             MR. MERICLI:  The second issue is simply what we

15   argued about this morning, that is what is the meaning of

16   Carter versus McGrady, that's just a legal issue.

17             JUDGE BAXTER:  His argument is that because you

18   did not get any of your misconducts reversed, that as a matter

19   of law his defendants are not guilty of retaliation because

20   they would have charged you anyway, whether it was retaliatory

21   or not.  You have to prove the causal connection that I told

22   you about, okay?

23             MR. FLEMING:  All right.

24             JUDGE BAXTER:  These are facts, that's the law,

25   these are questions I have to decide.  I'm wearing two hats in

1    my position as the Judge as to the law.  Now, as my factfinder

2    hat, which is often in the jury's hands, but it will be in my

3    hands, he's saying these are the questions I have to

4    determine.

5              MR. MERICLI:  I'm paraphrasing them.

6              JUDGE BAXTER:  All right.

7              MR. MERICLI:  Did Tiller kick Mr. Fleming in the

8    ankle or did Mr. Fleming fake a stumble to cause the issue to

9    happen?

10             JUDGE BAXTER:  So I have to decide who is right.

11             MR. MERICLI:  And did Mr. Fleming tell the truth

12   or did he lie about Sullivan having shut his wrist in the cell

13   door slot?

14             JUDGE BAXTER:  I have to make that determination.

15             MR. MERICLI:  The other is, did any of the

16   defendants know that Mr. Fleming had filed a civil rights

17   action before each of them charged him with misconduct?

18             JUDGE BAXTER:  He's saying if that's the case,

19   they didn't even know you filed a civil rights action, how are

20   they going to retaliate against you?  He's arguing they didn't

21   know, and I will have to determine whether or not they knew.

22             MR. MERICLI:  Were any of the misconducts false,

23   were they fake or framed?

24             JUDGE BAXTER:  You've alleged they were frivolous

25   and harassing you.

1     MR. MERICLI:  The last one is that Davison hit Mr.

2  Fleming's elbow with the yard gate or did Mr. Fleming,

3  actually try to slam --

4     MR. FLEMING:  Try or did I do it?          JUDGE

5  BAXTER:  Try.

6     MR. MERICLI:  I'm saying it's one way or the

7  other.

8     JUDGE BAXTER:  And you're saying Davison hit you.

9  I have to decide that at the end of the case.

10     MR. FLEMING:  Okay.

11     JUDGE BAXTER:  I'm trying to see if there's

12  anything else.  I think it's down to those.  Now, this is just

13  a good road map for you tomorrow as you're going through the

14  evidence and presenting you're case.  Take a look at the

15  factual things.  Did I forget to say something about the

16  elbow?

17     Do you see where this will be helpful?  Sometimes in

18  the midst of things you forget to bring some stuff up.  I

19  forgot to talk about my wrist.  Better bring that up.  Because

20  if you don't bring it up, it's gone.  Do you understand?

21     MR. FLEMING:  Uh-huh.

22     JUDGE BAXTER:  Okay.  We have explained the

23  elements of the case.  We have explained the trial process.

24  I've told you no interruptions.  I can see you have a tendency

25  to go, no, huh-uh.  Unless you're making an objection, you

1    have to wait for your turn and say his presentation was wrong.

2    MR. FLEMING:  All right.

3    JUDGE BAXTER:  Now, I've talked about the burden.

4    And sometimes we use that all the time in legalese, so I want

5    to say that again to you.  It's your case, so you have to

6    prove it.  I write that in my R and R sometimes.  Okay, it's

7    good enough to go forward on a motion to dismiss, but it's a

8    far cry from your proving it.  So it's your burden to prove

9    it.

10    When you're done with your case, Mr. Mericli can come

11    to me and say under 52(c), he didn't prove his case, no use

12    for me to say anything, you should dismiss it now.  Judgment

13    is a matter of law to me.  He may do that.  So he has a right

14    to do that because it's your case and you have to prove it.

15    You can't expect him to give you any help on that.  Do

16    you understand what I'm saying?

17    MR. FLEMING:  Yes.

18    JUDGE BAXTER:  All right.  I've talked to you

19    about the kind of evidence, and we've already agreed to it.

20    So if there's anything new that you thought of or that you

21    want to bring in tomorrow, tell me about it before trial

22    starts.  If there's something when you're looking through your

23    papers, something else you want to bring in, tell me before we

24    start.  So we're in a good situation with everything here that

25    it's all numbered.

1      There are a lot of ways to make objections and a lot of

2   reasons to make objections on testimony that's coming in.

3   That's irrelevant, objection, you've asked and answered that

4   five times, you're harassing the witness.  Those are all in

5   the Federal Rules of Evidence and you can look at them and get

6   comfortable with them.

7      There's one that is more difficult of a concept than

8   others and that's the hearsay rule.

9      MR. FLEMING:  Okay.

10      JUDGE BAXTER:  Documentary-wise we're okay.  We

11   have everything under control.  Mr. Mericli is not going to

12   say any document is hearsay because he's agreed to all these

13   documents we have here.

14      Testimony is not that way.  So, hearsay evidence is

15   evidence that is not from you, that has been heard, and so he

16   can't cross-examine the person who said it and you're telling

17   him about it.  That's why that's not allowed in, all right?

18      MR. FLEMING:  All right.

19      JUDGE BAXTER:  So if you hear that objection, do

20   you understand what that's about?

21      MR. FLEMING:  Yeah.

22      JUDGE BAXTER:  The reason it's not right is

23   because if you say one of the people who is not a defendant, a

24   CO who is not a defendant, the CO told me that he saw that guy

25   kicking me in the ankle, he's going to jump up right away and

1    say you can't consider that Judge Baxter because I can't

2    cross-examine that CO because he didn't call him as a witness.

3         That's hearsay evidence.   That's why that is not

4    allowed.   Did I explain that well enough?

5              MR. MERICLI:   Perfectly fine, your Honor.

6              JUDGE BAXTER:   Similarly, if one of his witnesses

7    says not only do I say that but, you know, what he told me,

8    that blah, blah, blah, blah, blah, or that inmate told me that

9    Fleming was making that stuff up.   If he testifies -- That's a

10   hearsay objection.

11             MR. FLEMING:   If he's there.   If he ain't there

12   and he say somebody like you --

13             JUDGE BAXTER:   Inmate so and so told me he was

14   full of hot air and he told me that at lunch.   That's the sort

15   of thing you would object to as hearsay.

16             MR. FLEMING:   All right.

17             MR. FLEMING:   Because he's trying to prove to me

18   there's proof in what he's saying, even though it came from

19   someone else.   Truth of the matter asserted is what we call

20   it.

21        Let me go through the check list.   I will attempt not

22   to question plaintiff on the stand.   If I see you going motor

23   mouth for two hours, you bet you I'm coming in here and I'm

24   going to say, let's focus here.   If you ask the same question

25   over and over again and you've already gotten an answer, I'm

1    going to tighten it up.  I don't want to be here five days and

2    neither do you.

3                MR. FLEMING:  No.

4                JUDGE BAXTER:  Keep it tight.

5                MR. MERICLI:  Very good, your Honor.

6                JUDGE BAXTER:  It's bad enough when attorneys do

7    that.  When you don't have an attorney, you tend to do that,

8    too, because you want to make sure you get everything in.  And

9    I will try to keep it tight, but I will try not to ask

10   questions, because when the Court does, it makes it difficult,

11   difficult for the either side.  Because you can't object -- I

12   mean you can, but typically you don't like to.  My questions

13   can cause you some pain so I'll try not to do that.

14         Do you understand the process, what we're going to do

15   tomorrow?  You'll start off --

16                MR. FLEMING:  Opening statement.

17                JUDGE BAXTER:  Yes, you'll start off the case.

18   You'll say here's what I'm going to prove and make an argument

19   to me.  Just make it short because it's not a jury, it's just

20   me.  Make a quick statement.  I know what it is, we just

21   talked about it.

22                MR. FLEMING:  All right.

23                JUDGE BAXTER:  If you want to make one, I'll let

24   you, but I'd rather get into it --

25                MR. FLEMING:  I don't have to make an opening?

130

1    JUDGE BAXTER:  You don't have to.  Because a jury

2    doesn't have a clue what the case is about, so you have to

3    tell them.  And I'm going to show you this and this.  I know

4    what the case is about.  I've been reading about it for two

5    years, all right.  If you don't want to, you don't have to,

6    but I won't stop you.

7          MR. FLEMING:  It won't effect me?

8          JUDGE BAXTER:  It will not effect you at all.  How

9    you put in your evidence and what you prove to me is what will

10   effect your case.

11         MR. FLEMING:  I will just go straight to my

12   evidence then.

13         JUDGE BAXTER:  Then you can either start by

14   calling any of the witnesses that he has or by putting

15   yourself on the stand and you're making your own testimony.

16         MR. FLEMING:  I'll do that.

17         JUDGE BAXTER:  While you do that, don't

18   forget that you can use any of the exhibits that are in

19   evidence.  They're -- They've already been stipulated to, so

20   you don't have to spend your time getting them put into

21   evidence.  You can just use them any time you want.

22         But even with your testimony, when you're on the stand

23   giving your testimony, you're subject to cross-examination.

24   So when you're done with any of the witnesses, it will be his

25   turn.  And you can come back and clean things up as you wish.

1    He may decide, I'd like to ask a couple more.  We'll go back

2    and forth until I stop him.

3          MR. FLEMING:  All right.

4          JUDGE BAXTER:  Then I say that's enough,

5    basically.  You have to answer all questions that are asked of

6    you unless they've been objected to and sustained.  Sustained

7    is you win the objection.  Overruled is you didn't.

8          Am I missing anything?

9          MR. MERICLI:  No, your Honor.

10         CLERK:  I don't think so.  You already said

11   hearsay, but that applies to written documents.

12         JUDGE BAXTER:  But we have everything placed into

13   evidence, so I don't think we have a hearsay problem.

14         MR. FLEMING:  So what about the closing arguments

15   and all that?

16         JUDGE BAXTER:  Then when you're done, he will

17   either make a motion or not make a motion that says we don't

18   need to go to my part of the case because he's not proven it.

19         MR. FLEMING:  Right.

20         JUDGE BAXTER:  If he makes that motion, we'll have

21   an oral argument then.  But you'll have to argue for your case

22   at that point.  He'll make an argument saying he didn't prove

23   it.  You come back and say I did.  I'll make at that ruling.

24         If I rule that you've made enough case for the defense

25   to go on, we'll go through the same process with him calling

1   his witnesses.  And at the end of that, you give closing

2   argument, here's what the testimony showed to prove my case et

3   cetera.  All right?

4           MR. FLEMING:  All right.

5           JUDGE BAXTER:  You don't to have give a huge

6   closing argument because it's the Judge, the Judge knows where

7   you're going and what you were trying to prove, and probably

8   by then has made some sort of determination of whether or not

9   you've proved it.

10          MR. FLEMING:  All right.

11          JUDGE BAXTER:  I don't know how far to go on

12  damages.

13          MR. MERICLI:  The law in Pennsylvania in the Third

14  Circuit is that he is not obliged to ask for nominal damages.

15  So, otherwise I think that --

16          JUDGE BAXTER:  It would just be -- He doesn't even

17  have to bring it up.

18          MR. MERICLI:  As far as compensatory damages, you

19  know I believe there's a lot of legal arguments under the PLRA

20  that would apply in terms of compensatory damages and physical

21  injury, and I would prefer to discuss that after the evidence

22  is in.  And I don't --

23          JUDGE BAXTER:  That's what I was trying to decide,

24  whether we should talk about that sort of stuff

25  now or --

1    MR. MERICLI:  I believe he has to -- I believe you

2    can have -- I know, as a matter of fact, having had such a

3    matter happen to me in front of Judge Schwab that you can in

4    fact get punitive damages in a PLRA case in the absence of

5    compensatory damages.

6    JUDGE BAXTER:  What I'm trying to decide is how

7    much should he put on in his case in chief or should we have

8    him bifurcate it depending on what your case in chief --

9    MR. MERICLI:  I think --

10   JUDGE BAXTER:  You're going to have to put on as

11   much evidence as you can for your injury.  That goes to

12   damages.  If you prove your case, I will decide whether or not

13   you get any money based on what you've shown me.

14   Compensatory-wise it's a matter of how much were you hurt and

15   how much you deserve to be paid for those injuries.  Punitive

16   damages that he admits can happen, even if you've shown me

17   that you've been injured enough to show compensatory damages,

18   if you show these folks were malicious and, you know, just

19   were out to get you, enough that I decide they should be

20   punitively charged with charges, I can apparently do that as

21   well is what he's telling me.            MR. FLEMING:  All

22   right.

23   MR. MERICLI:  Although my position is in light --

24   JUDGE BAXTER:  He doesn't agree with that.

25   MR. MERICLI:  And in Thomas versus Ferguson my

1  argument is, at his best, the situation will not arise to the

2  level of punitive damages.  The Court may of course disagree.

3           JUDGE BAXTER:  I understand.

4           MR. MERICLI:  But it's important, too, that

5  whether he's relying on nominal damages and whether he's

6  entitled to consideration of punitive damages, if the evidence

7  in the law support punitive damages, whether or not he has

8  compensatory --

9           JUDGE BAXTER:  His argument is under these facts

10  it doesn't matter because he's arguing you had a de minimus

11  injury, and because a de minimus could not have occurred with

12  such reckless disregard, and all those things we want to hear

13  about, if it's punitive.  See what he's saying?          MR.

14  FLEMING:  Okay.

15           JUDGE BAXTER:  His argument is that couldn't

16  happen in this case.  But that's his argument and you can make

17  another.

18           MR. FLEMING:  Would that punitive also be found,

19  the injured in deliberate indifference case?          JUDGE

20  BAXTER:  But we don't have any deliberate indifference case.

21           MR. FLEMING:  Okay.

22           JUDGE BAXTER:  You cannot use evidence in your

23  case that you allege they didn't take care of your medical

24  injuries fast, sufficient or at all, because that count has

25  been dismissed.

1      So what you have to show is that their actions were so

2   hateful or such -- with such an intent that -- to harm you.

3          MR. FLEMING:   All right.

4          JUDGE BAXTER:   See what I'm saying?  That I would

5   say I'm going to punish these guys by making them pay a lot of

6   money.

7          MR. FLEMING:   I can show a malicious intent then?

8          JUDGE BAXTER:   Yes, it has to be a strong -- And

9   his argument is you'll never be able to show that because your

10  injuries were so slight, if at all.  I mean I'm sure he's

11  going to say you weren't even injured.

12      I think we're ready to go.  Not a minute too soon.  Do

13  we have a time starting for tomorrow?

14          MR. MERICLI:   9:30 I thought.

15          MR. FLEMING:   9:30.

16          JUDGE BAXTER:   All right, we'll start at 9:30 in

17  the courtroom.  You're the plaintiff, so you sit -- Facing me

18  in the courtroom, you'll sit on the left side.

19          MR. FLEMING:   All the way over there (indicating)?

20          JUDGE BAXTER:   You sit closest to the jury box.

21          MR. FLEMING:   All right.

22          JUDGE BAXTER:   Okay, I think we have the T.V. up

23  and running.  Proposed stipulations, I want those with me.

24  She's making a list of all your documents.  All right, thank

25  you.

1          MR. MERICLI:  Thank you, your Honor.

2          MR. FLEMING:  Thank you.

3          (At which time, 4:05 p.m., the proceedings
            were concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18                 C E R T I F I C A T I O N

19

20          I,  Denice A. Grill, RMR, a Court Reporter and

21  Notary Public in and for the Commonwealth of Pennsylvania,  do

22  hereby certify that the foregoing is a true and accurate

23  transcript of my stenographic notes in the above-captioned

24  matter.

25

1

2  _____

3  Denice A. Grill, RMR
   Registered Merit Reporter
4

5

6  DATED:  _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25